PER CURIAM.
An intersection collision between an automobile driven by appellant-plaintiff Brenda Speight and an automobile driven by appel-lee-defendant Louis R. Perrott is the subject matter of this negligence action. By this appeal appellant-plaintiff Speight questions the summary final judgment entered in favor of the defendants and an order denying their motion for a continuance and' stay of proceedings on defendant’s counterclaim.
At 4:31 on the afternoon of the accident,, the Fort Walton Police Department was notified that the traffic light located at the intersection of Hollywood and Eglin was stuck. The police officer who was immediately dispatched to the intersection undertook the responsibility of directing traffic at 4:42 p. m. and the accident occurred during daylight hours at approximately S :00 p. m. Plaintiff Brenda Speight was driving north on a four lane street. As she approached the intersection, one north-bound car was stopped in the left turn lane and another was stopped in the right lane. However, she saw a green light and proceeded to drive between the stopped cars at approximately 35 miles per hour and into the intersection where she collided with the left front fender of defendant Perrott’s car. She testified that she did not see the police officer who was standing in the center of the intersection directing traffic. At the time she entered the intersection the officer had stopped the north and south-bound traffic and had signaled the east and west-bound traffic to proceed. Defendant Perrott obeyed the police officer’s signal and proceeded from a stopped position into the intersection.
Upon the foregoing factual situation, the trial court granted a summary judgment in favor of defendant City and defendant Perrott. Plaintiffs, the Speights, contend that an issue was presented as to the City’s negligence because of the failure of its employee to turn off the mechanical signal. Plaintiffs insist that the evidence shows that defendant Perrott saw the Speight car 3 or 4 car lengths from the intersection and knew the traffic light facing *387 him was “red”, so he was negligent in obeying the police officer. Plaintiffs’ contentions are so lacking in merit that a further discussion of same is unnecessary. Suffice it to say that the foregoing factual situation presents a classic illustration for the proper utilization of the summary judgment rule.
Appellants’ next point concerns the trial judge’s denial of their motion for continuance and stay of proceedings on the defendant’s counterclaim. It is not necessary to delve into the allegations of the subject motion other than to observe that proper grounds were set forth by appellants warranting a continuance had the trial judge within his discretion granted same. This is in effect what the trial judge did when he recited in his order of denial: “ * * * the court having considered the said motion and heard argument of Counsel thereon and having considered same advised Counsel for Plaintiffs that such motion would be denied unless the said Plaintiffs post a Supersedeas Bond in the sum of Three Thousand Dollars ($3,000.00) to indemnify the counterclaimants for loss of damages sustained by virtue of such requested continuance and stay of proceedings. * * * ” In other words, the trial judge found that the motion was well founded, but conditioned the granting of same upon a posting of the supersedeas bond. This action by the trial judge constitutes an abuse of his discretion by placing a monetary value upon the plaintiffs’ “day in court” and cannot be allowed to stand. Having reached the decision that plaintiffs presented good cause for a continuance, the trial judge should have granted the request without the condition of posting a bond.
Finally, appellants contend that they are entitled to a jury trial. The record discloses that appellants’ counsel waived a jury trial and this waiver disposes of this contention. See Kinsey v. State, District Court of Appeal, First District, 179 So.2d 108, filed October 21, 1965.
The summary judgment entered in favor of the defendants is affirmed. The final judgment entered upon the counterclaim of defendants is reversed with directions to grant a new trial on the counterclaim.
Affirmed in part and reversed in part.
RAWLS, C. J., and CARROLL, DONALD K., and JOHNSON, JJ., concur.