FERGUSON, Judge.
In a civil case an attorney’s withdrawal does not give his client an absolute right to a continuance. A continuance under such circumstances is still a matter within the court’s discretion. Grunewald v. Missouri Pacific Railroad Co., 331 F.2d 983 (8th Cir.1964).[1]
The court’s denial of a continuance in this case was based on findings that (1) the husband wilfully violated orders compelling answers to interrogatories and production of documents, (2) the husband repeatedly refused to appear for depositions, (3)the husband failed to comply with the order setting cause for trial and order of pre-trial instructions, and (4) the husband’s filing of a subsequent dissolution action in Canada and nonappearance at the Florida final hearing where the continuance was requested were attempts to vest jurisdiction in the Canadian court.[2] On this record there is no showing that the court abused its discretion.
As to the remaining points on appeal, which are related to the continuance issue, no reversible error appears.
The “Final Judgment of Dissolution And Other Relief” is AFFIRMED.

. Appellant makes a due process argument in reliance on HUB Financial Corp. v. Olmetti, 465 So.2d 618 (Fla. 4th DCA 1985), where the fourth district held that the trial court abused its discretion in permitting counsel for a corporation to withdraw on the day of trial without granting a continuance. Olmetti is still consistent with Grünewalds holding that the granting of continuances is a matter of discretion which will not be disturbed by a reviewing court unless there is a clear showing, as viewed in light of the particular facts of each case, that the discretion has been abused.

. A Canadian court, by an order of doubtful efficacy, indicated that it would exercise subject matter jurisdiction if the Florida court proceeding was not heard within three months.