PER CURIAM.
Appellants, beneficiaries under a will, appeal an order awarding compensation for legal services to appellee co-personal representative Lawrence Diener. Diener, a member of the New Jersey Bar, performed legal services in connection with the sale of a valuable parcel of New Jersey real estate, and prepared the federal estate tax return. The beneficiaries did not object to Diener’s serving either as co-personal representative or as counsel, and the beneficiaries will reap substantial rewards from the favorable results of Diener’s work. After the fact, however, the beneficiaries contend that Diener can receive no fee, arguing that subsection 733.617(3), Florida Statutes (1989), authorizes payment of legal fees only if the personal representative is a member of the Florida Bar.[1] That argument is entirely without merit. While subsection 733.617(3) provides specific au *31 thority for compensation of Florida Bar members, it does not proscribe payment to other professionals for valuable services rendered. The thrust of sections 733.106 and 733.617, Florida Statutes, is to provide for the employment and compensation of such professionals as may be needed in connection with probate, and we interpret subsection 733.617(3) consistently with the statutory scheme. To adopt the interpretation advocated by appellants would be to call into question its constitutional validity.[2] The trial court was entirely correct in overruling appellants’ objection.[3]
The co-personal representatives Lawrence Diener and Leonard Diener cross-appeal the same order insofar as the trial court reduced the amounts claimed for fees for legal services and services as co-personal representatives. The trial court had the discretion to reduce the amount claimed, and no abuse of that discretion has been shown. See In re Estate of Platt, 546 So.2d 1114 (Fla. 4th DCA 1989); In re Estate of Ryecheck, 323 So.2d 51 (Fla. 3d DCA 1975).
Affirmed.

. Subsection 733.617 provides:
(1) Personal representatives, attorneys, accountants, and appraisers and other agents *31 employed by the personal representative shall be entitled to reasonable compensation. Reasonable compensation may include compensation for the services of the agents or employees of the person seeking compensation and may also include reimbursement of out-of-pocket costs. Reasonable compensation shall be based on one or more of the following:
(a) The time and labor required.
(b) The novelty and difficulty of the questions involved, and the skill requisite to perform the service properly.
(c) The likelihood that the acceptance of the particular employment will preclude other employment by the person.
(d) The fee customarily charged in the locality for similar services.
(e) The nature and value of the assets of the estate, the amount of income earned by the estate, and the responsibilities and potential liabilities assumed by the person.
(f) The results obtained.
(g) The time limitations imposed by the circumstances.
(h) The nature and length of the professional relationship with the decedent.
(1) The experience, reputation, diligence, and ability of the person performing the services.
(2) If a will provides for compensation of the personal representative either directly or conditionally and there is no contract with the decedent regarding compensation, he may renounce the provisions and be entitled to reasonable compensation. A personal representative also may renounce his fight to all or any part of the compensation. A renunciation may be filed with the court.
(3) If the personal representative is a member of The Florida Bar and has rendered legal services in connection with his official duties, he shall be allowed a fee therefor, determined as provided in subsection (1).

. Even if appellants were correct in their interpretation, principles of estoppel would operate to foreclose their argument.

. New Jersey law did not require ancillary proceedings in that state, so there was no attorney’s fee award in connection with the New Jersey transaction.