590 So.2d 1066 (1991)
Ira Peter ZIEGLER, Appellant,
v.
Elena Jo KLEIN, Appellee.
No. 91-1395.
District Court of Appeal of Florida, Fourth District.
December 18, 1991.
Ira Peter Ziegler, pro se.
No brief filed on behalf of appellee.
PER CURIAM.
Ira Peter Ziegler appeals from a final judgment in a marriage dissolution proceeding wherein his oral motion for continuance was denied. We hold that the lower court abused its discretion by denying appellant's oral motion for continuance.
The final hearing of the parties' divorce was scheduled for April 16, 1991 on which date appellant, who was not represented by trial counsel, was in the hospital. At the time of the hearing, appellant requested a continuance informing the court via telephone that he was in the hospital, in traction, heavily medicated and without his paperwork and therefore unable to meaningfully participate in the proceedings either live or by telephone. The trial court denied appellant's motion and asked him whether he wanted to listen to the hearing or hang up.
When appellant informed the court that being heavily medicated rendered him unable to comprehend the proceedings, the court terminated the telephone conversation with appellant and proceeded with the hearing and entered a final judgment dissolving the marriage and ruling on issues such as child custody, child support, and alimony. Ironically, the court's final judgment reflects that it received the "evidence, testimony by the parties, and their respective witnesses, the argument of counsel, *1067 and Pro se arguments". However, the record reveals no such evidence although appellant's witness and exhibit lists reflect that he intended to present a case if given the opportunity.
Pursuant to Florida Rule of Civil Procedure 1.460 an oral motion for continuance may be made at trial. A motion for continuance is addressed to the sound judicial discretion of the trial court and absent abuse of that discretion the court's decision will not be reversed on appeal. See Jackson v. State, 464 So.2d 1181 (Fla. 1985); Diaz v. Diaz, 258 So.2d 37 (Fla. 3d DCA 1972). However, when undisputed facts reveal that the physical condition of either counsel or client prevents fair and adequate presentation of a case, failure to grant a continuance is reversible error. See e.g. Diaz, (reversible error for court to have denied counsel's request for continuance due to illness and to continue the case and render final judgment of divorce without client or counsel's presence at final hearing); Silverman v. Millner, 514 So.2d 77 (Fla. 3d DCA 1987) (abuse of discretion in denying motion for continuance where defendant suffered a stroke and his testimony was necessary for a fair and adequate presentation of his case). See also Thompson v. General Motors Corp., 439 So.2d 1012 (Fla. 2d DCA 1983).
There is nothing in the record to suggest that appellant's hospitalization was fabricated as appellant has documented the existence of his spinal disability throughout the litigation. Moreover, the record reveals that during appellant's telephone conversation with the court, neither appellee, appellee's counsel, or the court, questioned appellant's need to be hospitalized. Furthermore, appellee has failed to file a brief disputing appellant's contention.
In the instant case, where appellant was appearing pro se, appellant's presence was imperative to present a case. Hence, it is clear that appellant was denied his opportunity to cross examine appellee and appellee's mother, the sole witnesses at the hearing, as well as being denied his opportunity to testify and present evidence on the issues of child custody, child support and alimony which the court decided. Accordingly, the trial court abused its discretion by denying appellant's motion for continuance. The final judgment is reversed and the cause is remanded for a new trial.
WARNER, POLEN and GARRETT, JJ., concur.