HERSEY, Judge.
Robert Moyer appeals from an order modifying child support which requires him to *126 continue making payments until his daughter reaches the age of nineteen or graduates from high school, whichever occurs first. We reverse.
Robert Moyer and Marina Moyer were divorced in 1983. They entered into a settlement agreement that included child support to be paid by Robert to Marina during the minority of their only child, Anna Marie, born December 31, 1973. After Anna Marie reached her eighteenth birthday Marina filed a motion to enforce settlement agreement, the purpose of which was to obtain child support for Marina during her final or senior year in high school, pursuant to the recently amended section 743.07, Florida Statutes (1991).
That statute provides, in pertinent part:
(2) This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority or if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.-
(3) This section shall operate prospectively and not retrospectively, and shall not affect the rights and obligations existing pri- or to July 1, 1973.
§ 743.07(2), Fla.Stat. (1991). Effective as of October 1, 1991, subsection (2) was amended to include the provision regarding a high schooler between eighteen and nineteen years of age.
In the instant case, the final judgment of dissolution was entered in 1983. Application for enforcement was filed in early 1992 (there is no date on the motion in the record) after the child celebrated her eighteenth birthday on December 31, 1991.
On her eighteenth birthday Anna Marie was half way through her junior year in high school. Thus, in the absence of extraordinary circumstances she would attain the age of nineteen years at midterm of her senior year. There is nothing in the record which suggests the possibility of an early graduation.
A support enforcement hearing officer conducted a hearing on the application for modification pursuant to rule 1.491 of the Florida Rules of Civil Procedure. Because Robert’s attorney was required to undergo surgery and his motion for continuance or to withdraw was denied by the hearing officer, Robert was not represented nor did he attend the hearing. While it was error to refuse to grant a continuance under those circumstances (one prior continuance having been granted), that point has not been raised on appeal.
Apparently no record was made of the hearing, although the rule requires that the hearing officer make a record. The hearing officer filed a report which included factual findings. Conspicuously absent from the report is any finding that Anna Marie had a reasonable expectation of graduating from high school before her nineteenth birthday. In the absence of such a finding it is clear that the statute has not been satisfied, and the statutory exception to the rule that the child support obligation ends at age eighteen does not apply.
The trial court approved the hearing officer’s report subject only to “timely filed objections.” Robert filed “objections” and despite the specific invitation to do so expressed in the trial court’s original order, the trial court refused to consider the “exceptions” because they were not contained in either a motion to vacate or a motion to modify as required by rule 1.491(f). We hold that it was error to refuse to consider the substance of the motion because of its title or denomination. See Gordon v. Gordon, 625 So.2d 59, 60 n. 1 (Fla. 4th DCA 1993).
Appellee argues that, in the absence of a record, this court cannot look behind the order, must accord it validity out of deference to the presumption of correctness, and affirm. For several reasons, one of which will suffice for present purposes, we disagree. The error upon which we reverse is the trial court’s refusal to consider the merits of appellant’s exceptions. Though procedur *127 al, that error is crucial, independent of whatever the record might show.
Accordingly, we reverse and remand for a hearing on the merits of the exceptions.
REVERSED AND REMANDED.
ANSTEAD, J., and MAGER, GERALD, Senior Judge, concur.