689 So.2d 1218 (1997)
Carlos LOPEZ, Appellant,
v.
Carmen LOPEZ, Appellee.
No. 96-2393.
District Court of Appeal of Florida, Fifth District.
March 14, 1997.
Carlos A. Lopez, Summerfield, pro se.
No appearance for Appellee.
W. SHARP, Judge.
The former husband, Carlos, appeals from an order entered on the former wife's, Carmen's, motion to enforce a final dissolution of marriage judgment. We reverse.
Carmen sought to receive $6,000 held in escrow by her attorney under the terms of the final judgment, which represented her share of the proceeds after the sale of a house owned by the parties in Puerto Rico. A condition to her receipt of this money was that she vacate the marital residence, leaving it in "reasonable condition." At the time of the hearing, Carmen had vacated the residence, *1219 and she testified that she had left it in reasonable condition. However, Carlos claimed that the residence was severely damaged by Carmen and extensive repairs are required to remedy the damages.
Carlos filed a motion to continue the hearing in the enforcement case three days prior to the time set. He requested a three- to four-week continuance, until after a scheduled hearing to appoint a guardian to act on his behalf could be held. Carlos suffers from emotional and mental problems, which impede his ability to participate in legal proceedings. He has a 26-year medical history of thought process and speech disorders and has apparently been diagnosed as a paranoid schizophrenic. He is also a 100-percent disabled veteran who suffers from post-traumatic stress syndrome. Since February of 1994, he has been institutionalized twice, once immediately following a court hearing and once immediately prior to a scheduled court hearing.
The trial court did not rule on Carlos' motion,[1] and Carlos did not appear at the enforcement hearing. An earlier order dated in December 1994 prohibited him from acting on his own behalf. However, Carlos did hire a court reporter to attend and transcribe the hearing. The transcript does not reveal any evidence that Carlos engaged in any previous delay tactics nor does it supply other facts which would support denial of his motion for a continuance.
The denial of a motion to continue is governed by the abuse of discretion standard. Geralds v. State, 674 So.2d 96 (Fla.), cert. denied, ___ U.S. ___, 117 S.Ct. 230, 136 L.Ed.2d 161 (1996). But it is reversible error to refuse to grant a motion for continuance where a party or his counsel is unavailable for physical or mental reasons which prevent a fair and adequate presentation of the party's case. Ziegler v. Klein, 590 So.2d 1066 (Fla. 4th DCA 1991). See also Moyer v. Moyer, 636 So.2d 125, 126 (Fla. 4th DCA 1994). If evidence exists that some severe harm or prejudice to the other party will occur by granting the motion, it is appropriate to deny it. See generally, Huxford v. Huxford, 231 So.2d 868 (Fla. 1st DCA 1970). But in this case, there was no showing that Carmen would have been harmed by a brief delay.
The de facto denial of Carlos' motion to continue was an abuse of discretion in this case due to Carlos' mental and emotional problems and his inability to appear at the hearing. As a result, he was denied the opportunity to present his case. A judgment or order based on such a one-sided presentation is fundamentally flawed. We therefore reverse and remand.
REVERSE and REMAND.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] Although the rule is that questions not presented to or ruled upon by the trial court are generally not preserved for appeal, the rule is subject to the fundamental error exception. American Home Assurance Co. v. Keller Industries, Inc., 347 So.2d 767 (Fla. 3d DCA 1977), cert. denied, 360 So.2d 1249 (Fla.1978). Fundamental error occurs in civil cases when the resulting order is fatally and incorrectly flawed. Wagner v. Nottingham Associates, 464 So.2d 166 (Fla. 3d DCA), rev. denied, 475 So.2d 696 (Fla.1985). It exists if correction is essential to the object and purpose of the proper administration of justice. Pasco County School Bd. v. Florida Public Employees Relations Comm'n, 353 So.2d 108 (Fla. 1st DCA 1977). Because Carlos was denied the opportunity to be heard and present evidence, fundamental error exists here.