W. SHARP, Judge,
dissenting.
I respectfully dissent because the administrative hearing provided to Poole by the Unemployment Appeals Commission in this case fell woefully short of providing her with due process and a fair hearing. Under the circumstances, I cannot agree that Poole consciously waived or was ever asked if she would waive her right to cross-examine the opposing party (appellee), her employer.
Poole was employed by Aleo as a clinical director and addiction therapist. She was discharged for alleged misconduct, which she and her witness disputed. The local compensation bureau rejected Poole’s claim for unemployment compensation benefits and Poole filed an appeal with the Commission.
An adversary hearing (the only one to which a claimant is entitled under this administrative scheme) was scheduled for September 20,1996. It was a telephonic hearing with the two adversary parties — Poole and Mr. Stone, who represented the employer, and the referee at different telephones in different locations. The hearing began at 10:30 a.m. The referee asked Stone to give his testimony first and she questioned him at length. At least twice Poole tried to ask (or cross-examine) Stone. Both times the referee cut her off. Once she said: “You will be able to ask him questions in just a little bit, and I will take your testimony in just a little bit also, okay?”
However, at the end of an hour, the referee had only completed asking Stone questions and hearing his replies. He allegedly had a number of witnesses. The referee announced that she had scheduled one hour for the hearing and she would have to continue the hearing some weeks later to complete it. She estimated it would take an additional two hours. Both parties agreed to the continuance. The referee advised Poole to make notes about what Stone had said so she could cross-examine him later. She promised that they would pick up next time with Poole’s questioning of the employer; i.e., Stone.
The next hearing was scheduled for October 4, 1996. The referee telephoned Poole and then she telephoned the employer, but got no answer. She double checked to see if that was the correct number the employer had furnished to the referee. It was.
The referee did not tell Poole that if she proceeded with the hearing that she would lose her right to cross-examine the employer. The referee gave Poole no choice but to go forward with her testimony. She said:
All right. According to my notes from last time, this is going to be your opportunity to question the employer, but since the employer — we can’t reach him for some reason, at this time I’m going to go ahead and take your testimony.
She also explained she would take the testimony of Poole’s witnesses and Poole could ask them additional questions. And she said Poole would be allowed to make a closing statement. She also explained that she would make a decision after the hearing adjourned. She then asked Poole if Poole had any questions “as to what we’re going to do today?” Poole replied, “I have no questions.”
Poole was not given an opportunity to cross-examine Stone at any time. Nor does it appear from this record that she was told she had that right and the consequences of going forward without Stone was to waive her right. That is contrary to the pamphlet provided to referees and parties by the Commission entitled “Appeal Information.”
The pamphlet states that each party will have the right to question opposing witnesses and parties. The referee is especially charged with the responsibility of conducting a fair and impartial hearing. Further, the referee is made responsible to protect the rights of all parties. If the behavior of one party disrupts or interferes with the other party’s rights, the referee is instructed not to allow it. A party who fails to show up at a hearing for cross-examination clearly falls into that category.
Pursuant to the pamphlet each party is required to give the referee the correct tele *977 phone number to be used at the hearing. If the appellant fails to do so and cannot be reached, the appellant will lose his or her case. If the appellee fails to do so, it may result in a decision favorable to the other party. But clearly, it should not be used to penalize the party who was in compliance.
Poole suggests that in this situation, the referee had three options, none of which was selected. She could have postponed the hearing again to try to bring the employer on the line. Second, she could have taken Poole’s testimony and heard her witnesses, and completely disregarded Stone’s testimony because he did not make himself available for cross-examination. Or, she could have taken Poole’s testimony and that of her witnesses, and set a subsequent time to allow Poole to cross-examine Stone, thereby denying Stone the right to cross-examine Poole and her witnesses as a consequence of his disregard of the rules and fair hearing requirements. Unlike non-party witnesses, there was no burden or requirement for Poole to subpoena Stone to appear at the scheduled hearing and any adverse consequences ought to have been suffered by him, not her.
I conclude in this case that Poole was denied due process and a fair adversary hearing because she was not given the opportunity to cross-examine the adverse party and she did not expressly waive that precious right. See Lopez v. Lopez, 689 So.2d 1218, 1219, n. 1 (Fla. 5th. DCA 1997); Vazquez v. Vazquez, 626 So.2d 318 (Fla. 5th DCA 1993); Slattery v. Unemployment Insurance Appeals Board, 60 Cal.App.3d 245, 131 Cal.Rptr. 422 (Cal.App. 2 Dist.1976). In cases in which the right of cross-examination has been limited or cut off, courts have found a violation of due process. Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959); N.L.R.B. v. Doral Building Services, Inc., 666 F.2d 432 (9th Cir.1982); Carter Products, Inc. v. Federal Trade Commission 201 F.2d 446 (9th Cir.), vacated and remanded to reinstate after amending to authorize F.T.C. to open proceeding for further evidence, 346 U.S. 327, 74 S.Ct. 2, 98 L.Ed. 4 (1953). If anything we should err on the side of upholding parties’ constitutional rights and not rush to find parties, and in particular pro se parties as Poole was, have unwittingly waived them. Lopez, 689 So.2d at 1219, n. 1; Vazquez. The right of cross-examination is particularly vital in eases such as this one where the issues to be determined are factual and require resolving the truth of conflicting testimonies.
Further, the failure to afford Poole the right of cross-examination in this case is fundamental error which need not be preserved by objection and may be raised at any time.[1] Fundamental error in civil cases is found where the error goes to the foundation of the case or the merits of the cause of action. Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970). It is present where correction is essential to the object and purpose of the proper administration of justice. Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1977). In this case, Stone’s testimony was crucial in the decision-making process. Poole’s inability to cross-examine him went to the foundation of the case against her. I would reverse and remand for a new hearing.

. Failure to permit the cross-examination of witnesses has been held to be fundamental error. Brown v. State, 471 So.2d 6 (Fla.1985).