PER CURIAM.
This matter was scheduled for a two-week trial period, and commenced without objection. However, because of a response by the plaintiffs expert witness on the third day of trial, a mistrial was required. The. court then reset the new trial which would extend beyond the scheduled two-week trial period. Defendant moved for but was denied a continuance because of the impending surgery of its president and because of a conflict with its expert’s schedules.
Just as the parties and their witnesses should remain available during the entire trial period, they should be free to schedule other activities for the period following such trial period. Here, the sole owner of defendant’s corporation had scheduled surgery during what is to be the new trial period. He should not be required to reschedule in order to accommodate an extended trial period caused by plaintiffs error. It was error not to grant the continuance under the facts of this case. We grant the petition for cer-tiorari, quash the order denying continuance, and remand for rescheduling. See Lopez v. Lopez, 689 So.2d 1218 (Fla. 6th DCA 1997); Ziegler v. Klein, 590 So.2d 1066 (Fla. 4th DCA 1991).
W. SHARP, HARRIS, and THOMPSON, JJ., concur.