755 So.2d 828 (2000)
FLORIDA FRUIT AND VEGETABLE ASSOCIATION, Appellant,
v.
Maxwell W. WELLS, Jr., et al., Appellees.
No. 5D99-442.
District Court of Appeal of Florida, Fifth District.
May 5, 2000.
*829 Roger E. Craig of Roger E. Craig & Associates, Naples, for Appellant.
Michael R. Levin and Susan D. Duff of Rumberger, Kirk & Caldwell, Tampa, for Appellee.
ANTOON, C.J.

ON MOTION FOR REHEARING
We grant the appellee's motion for rehearing, withdraw our opinion filed March 17, 2000, and issue this corrected opinion in its stead.
In this legal malpractice action, Florida Fruit and Vegetable Association (FFVA) appeals the summary final judgment entered in favor of Maxwell Wells, Jr., and his law firm (collectively "Wells"). FFVA argues that the trial court abused its discretion in denying its attorney's motion for a continuance for the purpose of withdrawal, and that issues of fact existing in the record precluded the entry of summary judgment. We agree and therefore reverse.
Concerning the first issue of whether the trial court erred in denying FFVA's motion for a continuance, the court, in Fleming v. Fleming, 710 So.2d 601 (Fla. 4th DCA 1998), summarized the applicable law as follows:
Factors to be considered in determining whether the trial court abused its discretion in denying the motion for continuance include whether the denial of the continuance creates an injustice for the movant; whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance.
Id. at 603 (citations omitted). Also, this court has previously ruled that where the physical or mental condition of either counsel or client prevents the fair and adequate presentation of a case, the refusal to grant a continuance is reversible error. See Lopez v. Lopez, 689 So.2d 1218 (Fla. 5th DCA 1997) (citing Ziegler v. Klein, 590 So.2d 1066 (Fla. 4th DCA 1991)); see also Baron Auctioneer, Inc. v. Ball, 674 So.2d 212, 214 (Fla. 4th DCA 1996) (noting that although a court has "absolute discretion regarding motions to continue, we consider it an abuse of that discretion to deny such a motion when it is based on the withdrawal of a party's attorney for valid medical reasons within a few days of the trial").
Almost two months prior to trial, FFVA's attorney filed a motion for continuance for the purpose of withdrawal. He cited his age (68) and the fact that he had been having memory problems for the past two years. He asserted that these problems persisted even though he had followed diet and exercise changes suggested by his doctor to correct the problem. He explained that stressful situations increased his difficulty in remembering. In his motion to withdraw, FFVA's attorney wrote, "I do not feel I can properly represent my client in the trial at the present time, and I am in the process of obtaining another attorney to handle the case." He attached to the motion a copy of a neurologist's report which indicated "significant arteriosclerotic changes." The record also shows that FFVA's attorney had undergone several surgeries during the pendency of the case. No evidence was submitted that severe harm or prejudice would be suffered by Wells if the court granted the motion to withdraw and continued the case for the purpose of substituting counsel.
Where, as here, an attorney acknowledges a mental or physical condition which substantially interferes with the *830 ability to provide adequate legal representation and provides the trial court with supporting medical evidence thereof, the attorney's motion to withdraw from the case should be granted. See Lopez; Baron Auctioneer, Inc.. Accordingly, under the unique facts presented here, the denial of FFVA's motion for continuance for the purpose of withdrawal constitutes reversible error.
We also note that the entry of summary judgment was improper based on the status of the instant record. While the record arguably demonstrates that Wells' advice to FFVA breached the standard of adequate representation, the additional question remains whether such advice was the proximate cause of any injury to FFVA. See Bolves v. Hullinger, 629 So.2d 198, 200 (Fla. 5th DCA 1993)(explaining that a cause of action for legal malpractice has three elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence resulted in and was the proximate cause of loss to the client).
REVERSED and REMANDED for further proceedings.
W. SHARP, and PETERSON, JJ., concur.