780 So.2d 979 (2001)
George L. ONETT, Appellant,
v.
Robert AHOLA and Geneva Maria Ahola, et al., Appellees.
No. 5D99-3639.
District Court of Appeal of Florida, Fifth District.
March 9, 2001.
*980 George L. Onett, Ocala, pro se.
Randy Fischer of Boehm, Brown, Seacrest, Fischer & LeFever, P.A., Ocala, for Appellees Aholas.
Gregory D. Jones and Collins M. Guyton of Rywant, Alvarez, Jones, Russo & Guyton, P.A., Tampa, for Appellee Stump.
PER CURIAM.
In this pro se appeal, George Onett argues that the trial court abused its discretion in reserving ruling on his motion for a continuance of trial and his motion for a sixty day stay of the proceedings at the time the court granted his counsel's motion to withdraw, and later granting Onett only a thirty day continuance of trial. We disagree and therefore affirm the summary judgment and dismissal orders entered in this case.
"A motion for continuance is addressed to the sound discretion of the trial court and, absent abuse of that discretion the court's decision will not be reversed on appeal." Ziegler v. Klein, 590 So.2d 1066, 1067 (Fla. 4th DCA 1991). In determining whether the trial court abused its discretion in denying the motion, the appellate court must decide, among other things, whether the denial of the continuances created an injustice for the movant. Fleming v. Fleming, 710 So.2d 601 (Fla. 4th DCA 1998). The abuse of discretion standard also applies to rulings on motions for stay. U .S. Borax, Inc. v. Forster, 764 So.2d 24, 29 (Fla. 4th DCA 1999), rev. denied, 751 So.2d 1255 (Fla.2000).
Onett has failed to articulate how the trial court's rulings have caused him prejudice, and we are unable to gleam any prejudice from the instant record since the court took no dispositive action during the five months following the date when Onett's counsel filed his motion to withdraw, and the case never went to trial because the court granted one appellee summary final judgment and the other appellee a dismissal based upon Onett's repeated failures to comply with explicit discovery orders. To the extent that Onett suggests that he had an absolute right to receive an unlimited stay or continuance of the proceedings unless or until he was able to secure replacement counsel, his argument fails. There is no absolute right to counsel in a civil proceeding. See State v. Weeks, 166 So.2d 892 (Fla.1964). Accordingly, Onett has failed to meet his burden of demonstrating that the trial court abused its discretion.
AFFIRMED.
SHARP, W., PETERSON, and PALMER, JJ., concur.