833 So.2d 871 (2003)
Stuart CITRIN, Appellant,
v.
Thomas Edward DE VENNY and De Venny, Inc., a Florida corporation, Appellees.
No. 4D01-5003.
District Court of Appeal of Florida, Fourth District.
January 2, 2003.
Harry E. Geissinger, III, Palm Beach, for appellant.
Frances F. Guasch of Luis E. Ordonez & Associates, Miami, for appellees.
PER CURIAM.
This is an appeal from an Order Denying Plaintiff's Second Emergency Motion for Continuance and Final Order of Dismissal of an action for personal injuries *872 allegedly suffered by Mr. Citrin on September 17, 1996, when struck while riding his bicycle by Defendants' motor vehicle.
Without reciting the tortured history of the trial court's diligent attempts to bring this case to trial, for our purposes it is sufficient to state that Mr. Citrin filed his first Complaint in 1997, obtained multiple continuances, discharged or suffered the withdrawal of several attorneys, dismissed his action in 1999 on the eve of trial, and generally would have strained the patience of the trial judge even if her name was Mrs. Job.
However, on August 31, 2001, when Mr. Citrin's refiled case was about to go to trial, he filed an Emergency Motion for Continuance because his ninety-year-old mother had just been admitted to the intensive care unit at Broward General Medical Center; she was on life support and needed emergency surgery. Mr. Citrin was solely responsible for his mother, had been caring for her for several years, and needed to be by her side to care for her and to make medical decisions on her behalf. The defendants objected. The understandably skeptical trial judge verified the truthfulness of Mr. Citrin's statements by contacting the hospital.
Instead of granting the continuance, the trial court placed the case on day to day status, and recalled the case for trial two weeks later. Mr. Citrin then filed his Second Emergency Motion for Continuance, alleging that his mother's first surgery was unsuccessful, that she remained in intensive care and that he was needed by her bedside. Mr. Citrin further asserted that he was unable to focus on anything other than his mother's health and welfare and could not concentrate on his trial, his testimony, or assisting his attorney. The defendants again objected, and urged the trial court to condition any further continuance on payment of the costs incurred in twice coming to trial.
The trial court gave Mr. Citrin two options: 1) go to trial and be given frequent breaks to travel to the hospital (which is only ten minutes away from the courthouse), or 2) reimburse defendants for the costs of two trial preparations, which included expert witness fees incurred, in the total sum of $6,000. The payment would have to be made in cleared funds prior to the reset trial date, November 19, 2001.
Mr. Citrin responded that he could not function under the circumstances of his mother's critical condition and hospitalization, and could not pay the sum ordered prior to the next date set for trial. Plaintiff's counsel asked the trial court to tax these costs "should the Defendant win." When Mr. Citrin refused to accept either of the offered options, the trial court dismissed the action with prejudice.
Once the trial judge determined that the grounds for continuance were well-founded, granting a continuance upon the condition of paying the costs of the opposing party constitutes an abuse of discretion. Speight v. City of Fort Walton Beach, 180 So.2d 385 (Fla. 1st DCA 1965).
Given the circumstances of Mr. Citrin's mental condition, denial of a continuance constituted an abuse of discretion. SSJ Mercy Health Sys., Inc. v. Posey, 756 So.2d 177 (Fla. 4th DCA 2000). In this instance, the cause of the request for continuance was unforeseeable and was not the result of dilatory practices. The prejudice to the Defendants was monetary, and could have been cured by taxing the costs created by the delays at the conclusion of the case. Fleming v. Fleming, 710 So.2d 601 (Fla. 4th DCA 1998).
For these reasons, the Final Order of Dismissal is reversed and remanded for trial.
*873 GUNTHER, FARMER, JJ., and STREITFELD, JEFFREY E., Associate Judge, concur.