838 So.2d 1237 (2003)
Kenneth COLE and Sandra Cole, Appellants,
v.
HERITAGE COMMUNITIES, INC., Appellee.
No. 5D02-2078.
District Court of Appeal of Florida, Fifth District.
March 7, 2003.
*1238 Michael D. Sechrest and David L. Worthy, of Peter A. Robertson & Associates, P.A., Gainesville, for Appellants.
Michael J. Cooper, Ocala, for Appellee.
MONACO, J.
The appellants appeal a final judgment rendered after a non-jury trial on their suit for breach of contract and breach of express and implied warranties against the builder and seller of a house that they purchased in 1997. We find no error and affirm. Two issues raised by the appellants, however, merit discussion.
The appellants assert that the trial court erred in failing to grant a continuance of the trial. Suit was brought by the appellants in 1998. In 2001, counsel for appellants moved to Tallahassee, and very little activity occurred for the next year. On February 6, 2002, the trial court entered an order setting a pre-trial conference on March 27, 2002, and a trial for the trial period beginning April 29, 2002. Appellant's original lawyer was granted permission to withdraw on March 5, 2002, but the trial court noted that the previously scheduled trial was not postponed as a result of the withdrawal. New counsel appeared of record and filed a motion for continuance shortly thereafter, indicating that he could not be ready for the trial as scheduled, and that additional discovery was necessary. The trial court denied the motion without a hearing, but did leave discovery open until a few days before trial. Counsel for the appellants renewed the motion at the beginning of trial on May 9, 2002, and it was once again denied. The appellants assert that the refusal to continue their case was an abuse of discretion.
The grant or denial of a continuance is within the sound discretion of the trial court. See Ziegler v. Klein, 590 So.2d 1066 (Fla. 4th DCA 1991). This was a four-witness, one-day, non-jury case that took four years to get to trial, and that had previously been continued a year earlier. The appellants took essentially no action for a year after their attorney moved to a distant city. When the appellant's prior attorney withdrew, the order allowing the withdrawal specifically noted that the trial was to remain as scheduled. For this case, four years was more than enough.
In Fleming v. Fleming, 710 So.2d 601 (Fla. 4th DCA 1998), certain factors to be considered in determining whether a trial court abuses its discretion in denying a motion for continuance were identified, including: (1) whether the denial of the continuance creates an injustice for the movant; (2) whether the cause of the request for continuance was unforeseeable by the movant, and not the result of dilatory practices; and (3) whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance. Id. at 603; see also Peiman v. Peiman, 829 So.2d 307 (Fla. 5th DCA 2002); Onett v. Ahola, 780 So.2d 979 (Fla. 5th DCA 2001); Florida Fruit & Vegetable Ass'n. v. Wells, 755 So.2d 828 (Fla. 5th DCA 2000). Notably, the withdrawal of an attorney does not give the client an absolute right to a continuance. See Alter v. Alter, 473 So.2d 775 (Fla. 3d DCA 1985).
There is nothing in the record to indicate that the denial of the appellants' motion for continuance created an injustice for them. This was not a difficult trial. There were few witnesses, and the appellants had possession of and introduced all of the necessary documents into evidence. Ample time had been allowed for discovery, and discovery was extended by the trial court to accommodate the schedule of appellants' new counsel. The appellants must certainly have known that a trial was coming, yet they took no action to secure new counsel until the last moment. Finally, *1239 the appellee had a right to see the final conclusion of litigation that had lasted three years beyond the one year presumptively reasonable period to bring a case to non-jury trial. See Florida Rule of Judicial Administration 2.085(d); compare Thompson v. General Motors Corporation, Inc., 439 So.2d 1012 (Fla. 2d DCA 1983). The trial judge committed no error in denying the motion for continuance.
The second issue raised by appellants that merits discussion concerns whether the trial court erred in rejecting the testimony of their expert. We again find no error.
A trier of fact may accept or reject all or any part of an expert's testimony. See Tolley v. Department of Health & Rehabilitative Servs., 667 So.2d 480 (Fla. 5th DCA 1996); Burton v. Powell, 547 So.2d 330 (Fla. 5th DCA 1989); see also Shaw v. Puleo, 159 So.2d 641 (Fla.1964). Instruction 2.2b. of the Florida Standard Jury Instructions In Civil Cases, in fact, says specifically that the jury may,
accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all other evidence in the case.
The trial court as the trier of fact considered the conflicting testimony and related in the final judgment that he placed "no weight on the testimony or credibility" of the appellants' expert. He rejected that testimony in favor of the evidence offered by the appellee. The trial court had a right to do so.
AFFIRMED.
SAWAYA and PLEUS, JJ., concur.