STEVENSON, J.
This is an appeal from a final judgment entered after a jury verdict in favor of the defendants/appellees in a motor vehicle accident trial, which proceeded after the trial court denied plaintiff/appellant’s motion for continuance. We affirm.
On January 7, 2003, after a remand for retrial following the appeal of an earlier dismissal of the case, the trial court set the calendar call for February 27, 2003, and appellant’s jury trial for the four-week period commencing, Monday, March 10, 2003.[1] On March 12, 2003, appellant filed *591 a motion for continuance, asserting that he was now residing in New York and physically unable to attend the trial due to his impending need for knee surgery. The trial court denied the motion for continuance and specially set the trial for 9:30 a.m. on Monday, March 24, 2003.
On the morning of trial, counsel for appellant submitted a second motion for continuance. This second motion sought a forty-day continuance and was accompanied by an affidavit from appellant and his attending physician. For his part, appellant indicated that he was “currently incapacitated” and unable to travel due to an injured knee and also that he was “fearful of said travel due to the fact that the City of New York i[s] on high alert with terrorist threats and travel in and out ha[s] been greatly curtailed.” The physician’s affidavit attested that Citrin was in need of surgery for a “total knee replacement” and was “partially disabled” for an “indefinite period.” The trial court denied the second motion for continuance and ordered that the jury trial proceed without Citrin’s presence, using his earlier deposition. The jury returned a verdict in appellees’ favor.
On the record presented, we cannot find that the trial court abused its discretion in denying the motion for continuance. This case has been characterized by a parade of ofttimes last minute continuance motions by Citrin. On the eve of trial, Citrin filed a motion for continuance and attached a preprinted form from his doctor with a check mark indicating that he would be partially disabled for an indefinite period of time. A handwritten notation on the form stated that the problem was caused by osteoarthritis and that Citrin will need knee replacement in the future. However, the note gave no indication of Citrin’s present ability to function or travel without surgery, whether immediate surgery was required, or whether surgery was scheduled. Citrin’s evidence of his physical inability to attend the trial as scheduled was un-rebutted, but unconvincing; the trial court did not abuse its discretion in denying the motion for continuance. See Lopez v. Lopez, 689 So.2d 1218 (Fla. 5th DCA 1997); Ziegler v. Klein, 590 So.2d 1066 (Fla. 4th DCA 1991); Silverman v. Millner, 514 So.2d 77 (Fla. 3d DCA 1987).
Accordingly, the judgment on review is AFFIRMED.
STONE and HAZOURI, JJ., concur.

. The trial date at issue was set following a remand from this court, wherein we reversed an earlier order denying a continuance. See Citrin v. De Venny, 833 So.2d 871 (Fla. 4th DCA 2003).