920 So.2d 1241 (2006)
Dawn Georgette MYERS, Appellant,
v.
David A. SIEGEL and Westgate Resorts, Ltd., etc., Appellees.
No. 5D05-161.
District Court of Appeal of Florida, Fifth District.
February 24, 2006.
*1242 Mark E. Tietig of Tietig & Tietig, P.A., Merritt Island, for Appellant.
Victor Kline, Amanda Chapman and Heidi Boyles of Greenspoon Marder Hirschfeld Rafkin Ross Berger Abrams & Anton, P.A., Orlando, for Appellees.
SAWAYA, J.
Dawn Myers appeals the default judgment rendered in the breach of contract action brought against her by David Siegel and Westgate Resorts, Ltd. The default was entered because neither Myers nor her trial counsel, the husband and wife team of Mark and Lisa Tietig, appeared at the scheduled trial on December 13, 2004, even though Mr. Tietig had notified the trial court the morning of trial that Mrs. Tietig had been unexpectedly hospitalized and Mr. Tietig, who is vision impaired, was unable to attend without sighted counsel. Mr. Tietig's emergency motion for continuance was denied and, when nobody appeared for trial other than the plaintiffs, the trial court entered a default judgment against Myers. Of the several issues raised by Myers, the issue we will address is whether the trial court abused its discretion in denying the emergency motion for continuance. Resolution of this issue renders the other issues moot.
It is not necessary to retrace the meandering path this litigation has taken. Suffice it to say that numerous motions for continuance were filed by both parties. The continuance requests made by Myers were based on medical problems suffered by Mrs. Tietig that adversely affected her and Mr. Tietig's ability to properly prepare for trial.[1] The continuance requests made by Siegel, on the other hand, were based on vacations and the convenience of Siegel and his counsel. What is remarkable is that none of the requests made by Myers were granted, but each request made by Siegel was. Be that as it may, the issue we address is the emergency motion made by Myers the morning of trial seeking a continuance due to the illness and hospitalization of Mrs. Tietig and the resultant inability of Mr. Tietig to adequately represent Myers at trial without Mrs. Tietig's assistance.
Although trial courts are endowed with rather broad discretion in deciding whether to grant or deny a motion for continuance, Onett v. Ahola, 780 So.2d 979 (Fla. 5th DCA 2001), the exercise of that discretion is not absolute. Id. We are charged with the task of reviewing a court's decision on a continuance motion and setting it aside if we determine the trial court abused its discretion. Id. This court considers certain factors in making that determination, including: 1) whether the movant suffers injustice from denial of the motion; 2) whether the underlying cause for the motion was unforeseen by the movant and whether the motion is based on dilatory tactics; and 3) whether prejudice and injustice will befall the opposing *1243 party if the motion is granted. Cole v. Heritage Cmtys., Inc., 838 So.2d 1237 (Fla. 5th DCA 2003); Florida Fruit & Vegetable Ass'n v. Wells, 755 So.2d 828 (Fla. 5th DCA 2000); see also Peiman v. Peiman, 829 So.2d 307 (Fla. 5th DCA 2002).
Myers argues that the trial court abused its discretion in denying her emergency motion for continuance because both of her attorneys were rendered physically incapacitated: Mrs. Tietig became ill and was hospitalized and Mr. Tietig was deprived of the necessary assistance of his wife. Entry of the default deprived her of the counsel of her choice and her day in court, Myers contends. Because trial procedure is based on the adversary system, which our jurisprudence recognizes to be the best means of arriving at a just and legal result in controversies between citizens, the courts generally recognize that an individual has the right to counsel of his or her choice.[2] Although the right to counsel is not absolute in a civil proceeding, see Kiriakidis v. Kiriakidis, 855 So.2d 208, 212 (Fla. 4th DCA 2003); Onett, 780 So.2d at 980 (citing State v. Weeks, 166 So.2d 892 (Fla.1964)), judicial protection of that right ensures continued public confidence in our system of justice.
This court and others have previously held that "where the physical or mental condition of either counsel or client prevents the fair and adequate presentation of a case, the refusal to grant a continuance is reversible error." Florida Fruit & Vegetable Ass'n, 755 So.2d at 829; see also Citrin v. De Venny, 833 So.2d 871, 872 (Fla. 4th DCA 2003); SSJ Mercy Health Sys., Inc. v. Posey, 756 So.2d 177, 179 (Fla. 4th DCA 2000); Lopez v. Lopez, 689 So.2d 1218 (Fla. 5th DCA 1997); Ziegler v. Klein, 590 So.2d 1066 (Fla. 4th DCA 1991). This genre of cases does not, however, establish an absolute rule of reversal when a motion for continuance based on such grounds is denied. Rather, these cases recognize that in addition to the three general factors previously mentioned, the realities of our adversary system of justice require consideration of more specific factors, which include: (1) the length of the requested continuance; (2) whether the counsel who becomes unavailable for trial has associates adequately prepared to try the case; (3) whether other continuances have been requested and granted; (4) the inconvenience to all involved in the trial; and (5) any other unique circumstances. Consideration of these factors allows the courts to balance the protection of the client's right to counsel of his or her choice with the general interest in the prompt and efficient administration of justice, which includes an opposing party's right to prompt resolution of the issues involved in the proceedings.
We believe that consideration of all of the factors previously discussed directs us *1244 to the inevitable conclusion that the trial court abused its discretion in denying the emergency motion for continuance. Myers was denied her due process right to defend the suit Siegel had filed against her, thus creating an injustice. The cause of the continuance, the sudden onset of the illness of lead counsel, was unexpected and unforeseen. The duration of the continuance would not have had to be any longer than the time it took for Mrs. Tietig to recover from her illness. Finally, there is no hint that Siegel would have been prejudiced by a continuance. Certainly the trial had twice been continued at Siegel's behest and Myers had never once been successful in obtaining a continuance. Moreover, there is nothing in the record to suggest that Mr. Tietig was able to attend the trial without the assistance of Mrs. Tietig, and even Siegel does not contend otherwise.
Asserting a purely legal argument, Siegel contends that the emergency motion for continuance was insufficient for several reasons, only three of which warrant discussion: it was not verified; it was not signed by Myers; and Myers did not provide a medical affidavit with the motion. Florida Rule of Civil Procedure 1.460 provides that "[a] motion for continuance shall be in writing unless made at a trial and, except for good cause shown, shall be signed by the party requesting the continuance. The motion shall state all of the facts that the movant contends entitle the movant to a continuance." Hence, the rule allows oral motions to continue to be made at trial. See Ziegler. On the morning of the scheduled trial, the trial court received a faxed emergency motion advising of Mrs. Tietig's hospitalization, which motion informed the court that Mr. Tietig is vision impaired and could not carry on with the case that day because he needed sighted co-counsel and other preparations. In a telephone conversation between Mr. Tietig and the trial judge, who had called to further inquire of Mr. Tietig why he and his wife were not present, Mr. Tietig added that Mrs. Tietig was his transportation and he was taking care of Mrs. Tietig. Accordingly, the faxed motion the morning of trial, together with the telephone conversation between the trial court and Mr. Tietig that morning, were adequate under the rule given the unique circumstances of this case.
Although no sworn statement was provided and no documentation from a doctor or hospital was included at that time that would have provided substance to the continuance motion, the Authors' Comment  1967 to Florida Rule of Civil Procedure 1.460 governing continuances recognizes that while "[a]s a matter of practice ... many courts require such motions for continuances to be supported by affidavits," the rule does not require affidavits. Moreover, Florida Rule of Civil Procedure 1.030 provides that "[e]xcept when otherwise specifically provided by these rules or an applicable statute, every written pleading or other paper of a party represented by an attorney need not be verified or accompanied by an affidavit." Siegel fails to point to a rule or statute that requires the motion be verified or contain an affidavit under these circumstances, and we know of none. Thus, the failure to verify the motion or include an affidavit from either the doctor or hospital did not render the motion legally insufficient, did not prevent the trial court from considering it, and does not prevent us from applying the rule of judicial discretion to determine whether it was properly denied.
While the rule of judicial discretion in granting or denying motions for continuance maintains its vitality, strict adherence to that rule may sometimes bring about unfair and unjust results. Hence, as a component of that rule, appellate courts *1245 may in circumstances where that discretion has been abused, correct the injustice by reversal of the trial court's decision. This is one of those instances. It is readily apparent to us that the interests of justice in this case required that both parties be given the opportunity to be fairly heard and to be represented by counsel well informed on the facts and the pertinent law. Denial of the emergency motion for continuance and entry of the default judgment, which effectively deprived Myers of her counsel of choice and her day in court, certainly did not further the interests of justice in this case. While we fully appreciate the trial court's need to control its docket, sympathize with the trial court's frustration in the face of counsels' failure to appear, and acknowledge Siegel's desire to bring the underlying litigation to closure, we conclude that denial of the motion was an abuse of discretion and entry of the default judgment, although an appropriate sanction in certain circumstances, was unwarranted in this case. Accordingly, we reverse the order denying the emergency motion for continuance and the default judgment, and remand for further proceedings.
REVERSED and REMANDED.
GRIFFIN and TORPY, JJ., concur.
NOTES
[1] Because Mr. Tietig is vision impaired, he is dependent on Mrs. Tietig for assistance.
[2] See The Florida Bar v. Doe, 550 So.2d 1111 (Fla.1989); Rosenberg v. Levin, 409 So.2d 1016, 1021 (Fla.1982) ("We approve the philosophy that there is an overriding need to allow clients freedom to substitute attorneys without economic penalty as a means of accomplishing the broad objective of fostering public confidence in the legal profession."); Anderson Trucking Serv., Inc. v. Gibson, 884 So.2d 1046, 1049 (Fla. 5th DCA 2004) ("It is generally agreed that a client has a right to counsel of his or her choice."); see also In re Amendments to the Rules Regulating The Florida Bar, 916 So.2d 655, 703 (Fla.2005) ("While clients have the right to choose counsel, such choice may implicate obligations.") (Comment to R. Regulating Fla. Bar 4-5.8). Although ethical considerations and, in criminal cases, the lack of ability of an indigent defendant to specifically choose a particular attorney employed by a Public Defender, may certainly narrow the contours of that right, we are here concerned with a civil case where a client has chosen to retain private counsel and counsel has chosen to undertake the representation of the client.