# Third District Court of Appeal

## State of Florida

Opinion filed May 11, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-479
Lower Tribunal No. 14-4342
_____


**Zaina Matthiesen, etc.,**
Appellant,

vs.

**In Re: Estate of Laurisse Masri,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Xander Law Group, P.A., and Wayne R. Atkins and Matthew J. Troccoli, for appellant.

Cole, Scott & Kissane, P.A., and Lissette Gonzalez, for appellees Sacher Martini Sacher, P.A., and Charles S. Sacher, Esquire; Kelley Kronenberg, and Dennis S. Klein, Joshua H. Rosenberg and Daniela K. Pretus (Fort Lauderdale), for appellee Samih K. Masri; Leyla Masri, in proper person.


Before EMAS, SCALES and BOKOR, JJ.

EMAS, J.

Zaina Matthiesen, the personal representative of the Estate of Laurisse Masri ("the Estate"), challenges the trial court's final order awarding attorney's fees to counsel and denying her motion for personal representative fees. We affirm in part and reverse in part, as more fully explained below.

Matthiesen was appointed personal representative of her mother's estate in 2014. She hired attorney Charles Sacher to handle the probate administration. However, after disputes arose between Matthiesen and her two brothers, Omar and Samih Masri, Matthiesen also retained separate litigation counsel to represent her throughout the proceedings below. Samih and Omar retained attorney Josh Rosenberg to, inter alia, challenge Matthiesen's actions as personal representative. Attorney Rosenberg was initially with the law firm of Markowitz, Ringel, Trusty + Hartog, P.A. ("Markowitz Ringel"), but he later joined Kelley Kronenberg, and that firm was substituted in as counsel.

After more than five years of contentious litigation between the siblings, the estate was resolved in December 2019. Matthiesen moved for an award of compensation for her services as personal representative, but each of her brothers objected, contending she had repeatedly breached her

duties as personal representative and had caused the Estate to incur unnecessary expenses.

Markowitz Ringel and Kelley Kronenberg also petitioned for an order authorizing the payment of attorney's fees and expenses for their legal work benefitting the Estate. Samih and Matthiesen both petitioned to have those fees allocated against each other's share of the Estate. Litigation on these post-administration issues persisted for another year, but a final hearing was scheduled for December 15, 2020. On November 22, Matthiesen's new attorney, Manuel Rodriguez, filed an emergency motion to continue the final hearing, claiming he needed 120 days to prepare for the hearing. This motion was denied by the court.

On December 3, 2020, attorney Sacher moved to withdraw as counsel for Matthiesen, asserting that the issues to be addressed at the final hearing were beyond the scope of his retainer. A week later, he filed an amended motion to withdraw, which was granted the following day (December 12). Attorney Manuel Rodriguez continued as counsel for Matthiesen.

After the final hearing on December 15, the trial court entered the order on appeal, awarding attorney's fees to the Markowitz Ringel firm, the Kelley Kronenberg firm, and Charles Sacher. The court also ordered that certain of those fees be borne by Matthiesen, and explained the reasons for this

allocation. Finally, the court found Matthiesen was not entitled to compensation for her services as personal representative of the estate. This appeal followed.

On appeal, Matthiesen contends the trial court erred in (1) allowing Sacher to withdraw three days before the final hearing; (2) denying Matthiesen any compensation for her services as personal representative of the estate; and (3) failing to consider the reasonableness of the fee awards.

As for the court's decision to allow attorney Sacher to withdraw and to deny the motion to continue the hearing, we affirm, finding no abuse of discretion. See Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson v. Kleinschmidt, 498 So. 2d 453, 454 (Fla. 3d DCA 1986) (reiterating that court approval of an attorney's motion to withdraw in a civil case "should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court (quoting Fisher v. State, 248 So. 2d 479, 486 (Fla. 1971))); Alter v. Alter, 473 So. 2d 775, 776 (Fla. 3d DCA 1985) (holding: "In a civil case an attorney's withdrawal does not give his client an absolute right to a continuance. A continuance under such circumstances is still a matter within the court's discretion").

We also affirm the trial court's denial of Matthiesen's motion for an award of personal representative fees, again finding no abuse of discretion

in such decision.  See § 733.617(7), Fla. Stat. (2021); Bock v. Diener, 571 So. 2d 30 (Fla. 3d DCA 1990); In re Paine's Estate, 174 So. 430, 434 (Fla. 1937) (holding it is within court's discretion to deny fees to personal representative who "did not give proper attention to his duties").

Finally, as for the order awarding attorney's fees to Charles Sacher, and the Markowitz Ringel and Kelley Kronenberg firms, we affirm in part and reverse in part.  Matthiesen has commendably conceded that she stipulated below to the reasonableness of Sacher's fees and costs, so we affirm that portion of the final order.  However, we must reverse the award of fees to both Markowitz Ringel and Kelley Kronenberg because the trial court failed to articulate the requisite findings under Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1151 (Fla. 1985).  As this court has previously held, Florida law requires that the trial court articulate its findings on the Rowe factors, and failure to do so requires reversal.  See Babun v. Stok Kon + Braverman, 46 Fla. L. Weekly D2318 (Fla. 3d DCA Oct. 27, 2021).  We remand for any additional hearing as may be required, and for the trial court to amend its order as to the fee awards to Markowitz Ringel and Kelley Kronenberg to articulate its findings on the Rowe factors, and for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded with directions.

5