PER CURIAM.
Jorge Nunez appeals a final dissolution judgment that dissolves his marriage to Margie Nunez, equitably distributes their assets and liabilities, and awards child support. Mr. Nunez contends that in awarding child support, the trial court erred in imputing about $70 per month of income to him without setting forth findings of facts upon which it based the imputation. The final judgment recites the following in support of the child support award:
3. That for child support calculation purposes, the husband’s imputed income is 50% of total net income of $2,580....
Because this finding fails to meet the requirements of subsection 61.30(2)(b), Florida Statutes (1991), we reverse the award of child support and remand this cause for entry of the findings required by statute to support any imputation of income. Wollsch- *291 lager v. Veal, 601 So.2d 274 (Fla. 1st DCA 1992); Neal v. Meek, 591 So.2d 1044 (Fla. 1st DCA 1991); Levine v. Best, 595 So.2d 278 (Fla. 3d DCA 1992).
AFFIRMED in part, REVERSED and REMANDED in part.
ZEHMER, C.J., and KAHN and VAN NORTWICK, JJ., concur.