HARRIS, J.
The trial court was confronted with a pro se husband but a represented wife; we, on the other hand, faced a represented husband and a pro se wife who failed to file a brief. Both courts, therefore, have been confronted with somewhat of a disadvantage. Even so, we reverse.
The parties were divorced in Sarasota County in 1989. The judgment incorporated an agreement providing shared custody with child support to the wife in the amount of $275 per month to be disbursed by the husband directly to day care, then pre-school, and finally to private school. Any child support remaining would be paid to the wife.
Sometime later, the wife relocated to Brevard County and assumed the obligation of sole custodial parent. Still later, she moved to amend the Final Judgment to recognize the new custody arrangement, increase child support, and to determine a new visitation provision. The trial court determined that the wife would be the custodial parent. The court determined the husband’s income (and the wife’s) and set child support in accordance with the guideline. Additionally, the court ordered the husband to pay 45% of the cost of private schooling.
First, the husband contends there is no record support for the court’s determina *346 tion of his income. We agree. The husband testified that he owned only 51% of the family corporation and that, therefore, only 51% of the income generated by the company should be attributed to him. This was an incorrect position, as conceded at oral argument, but may have led the court into error. The court determined the amount of the husband’s income reflected on the wife’s summary to be $22,145 for an eleven month period and, by extrapolation, found this to be an annual figure of $24,158. The court then added the remaining 49% of the presumed income from the corporation that the husband indicated should be considered the second wife’s and determined that the husband had an annual income of $47,369. In the first place, the figure used by the court was wrong. The wife’s summary indicates only $20,644 as the husband’s deposits for the eleven month period. Further, regardless of the husband’s incorrect position relating to the stock ownership, the wife’s summary reflects only $30,612 as the total deposits of corporate income. This would extrapolate to $33,395 annual income. If the court found another source of income it did not indicate what it is.
The husband also appeals the court’s determination that he should pay for private education in addition to the full guideline support. Again, we agree. First, since the private school expense appears to be $5,600 per year, adding 45% of the figure to his child support would be an increase of over 5% without written justification. See section 61.30(l)(a), Fla. Stat. (1998). Further, even though the parties had agreed to private school when they shared custody and the support level was considerably lower, there was no agreement during this proceeding that private school should continue. The wife didn’t even ask for it in her motion to amend or in her pre-trial statement. Finally, there was no showing that private schooling justified a departure from the guideline.
Next, the husband appeals the court’s decision to admit the wife’s summary while excluding his. The difficulty with the husband’s appearing pro se is that he did not know to object to the wife’s summary because she failed to comply with section 90.956, Fla. Stat. (1998), in that the Notice of Intent was not filed. The husband did not object and the error is not preserved. The husband argues that in any event, since he had filed his Notice of Intent, the court erred in refusing to admit his summary. The court refused to accept his summary because he had failed to send “the summaries to the opposing attorney in advance of the trial in order that they can determine if the information is accurate.” We agree with the husband that it is difficult to find this requirement in the statute. Although the statute requires that the party intending to use a summary make it and the data used to compile it “available for examination or copying, or both, by other parties at a reasonable time and place,” there is no specific requirement to deliver such material, without request, to the other parties so long as the Notice of Intent is properly given so that the opposing party knows that such documents can be examined and/or copied upon request. However, because we are reversing on other grounds, it is unnecessary for us to decide this issue.
We reverse with instructions to either reconsider the husband’s income or to explain any other source that might justify the income imputed to him. If the court determines an income different from that listed in the judgment, then it should recompute the guideline support. Since the wife did not request contribution toward the cost of private education in addition to guideline support, none should be awarded.
REVERSED and REMANDED.
ANTOON, C.J., and PETERSON, J., concur.