751 So.2d 741 (2000)
John Daniel LEE, Appellant,
v.
Karen Daniels LEE, Appellee.
No. 1D98-4467.
District Court of Appeal of Florida, First District.
February 21, 2000.
*742 William S. Graessle of Winegeart, Graessle & MacKenzie, P.A., Jacksonville, for Appellant.
No appearance for Appellee.
PER CURIAM.
Appellant John Daniel Lee asserts three issues in his appeal from a final order of dissolution of marriage. He contends that the trial court abused its discretion by denying his motion to continue the final hearing, and by awarding the marital home as lump sum alimony to the wife, appellee Karen Daniels Lee, because the house was the parties' only significant asset. Additionally, Mr. Lee argues that the trial court erred as a matter of law by imputing income to him without having made the requisite findings in support thereof. We affirm the first two issues, but we agree with Mr. Lee's argument on the third issue and therefore reverse and remand as to that point.
The crux of Mr. Lee's argument supporting his motion for continuance is that when the trial court entered a temporary support order in May 1997, requiring Mr. Lee to pay $3,000 per month in temporary family support, it placed him in an "economically devastating situation." Then, by allowing his attorney to withdraw for nonpayment in November 1997, the court effectively deprived him of the opportunity to be represented by an attorney. Mr. Lee concludes that the court's orders caused him to be unrepresented, and thus it was an abuse of discretion to deny his motion for continuance, which was premised on his inability to afford an attorney.
*743 The facts to consider in determining whether the trial court abused its discretion in denying the motion include (1) whether denial of the continuance creates an injustice to the movant, (2) whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices, and (3) whether the opposing party would suffer any prejudice or inconvenience as a result of the continuance. See Fleming v. Fleming, 710 So.2d 601, 603 (Fla. 4th DCA 1998).
We find no abuse of discretion. Denial of the motion did not create an injustice to Mr. Lee. The trial court had, in fact, decreased Mr. Lee's support obligation from $3,000 to $2,100 by order dated January 16, 1998, yet Mr. Lee had not retained counsel before the hearing of February 2, 1998, and did not state that he intended to do so. Moreover, we note that Mr. Lee ably represented himself throughout the litigation by filing numerous motions, scheduling hearings, and obtaining rulings on his motions. He thoroughly questioned witnesses during direct and cross-examination at the final hearing and he even qualified an expert to testify at the final hearing. Finally, this was not a situation involving complicated financial matters requiring extensive discovery.
Neither the second nor third factor supports a finding of abuse. Inability to pay an attorney, the cause for the request for the continuance, was foreseeable by Mr. Lee, as he was well aware of his financial status. Moreover, since he did not suggest he would hire an attorney after his support obligation was decreased, there is a suggestion that he filed his motion for delay. Finally, the case had been pending almost a year and the final hearing had been continued once already at Mr. Lee's request when he was jailed on aggravated battery charges. Thus, granting the requested continuance would have caused inconvenience to Mrs. Lee. Based upon the above analysis, we affirm the trial court's denial of Mr. Lee's motion for continuance.
Turning next to the trial court's award of the marital home as lump sum alimony to Mrs. Lee, we likewise affirm. Mr. Lee cites case law which holds that a trial court abuses its discretion by awarding a marital home as lump sum alimony to one party when the home is the parties' only significant asset. See Klinger v. Klinger, 570 So.2d 1042 (Fla. 3d DCA 1990); Savage v. Savage, 556 So.2d 1213 (Fla. 2d DCA 1990); Safferstone v. Safferstone, 501 So.2d 165 (Fla. 3d DCA 1987). Mr. Lee fails to acknowledge, however, that the parties had other marital assets in the form of Mr. Lee's retirement pension, valued at $16,000, and his 401K, valued at $6,000, for a total of $22,000, both of which the judge awarded to Mr. Lee. While the marital home was appraised at $169,900, it was subject to a first mortgage of $130,000; a second mortgage of $18,000; and a judgment for unpaid association dues of between $2,600 to $2,700, leaving less than $20,000 in equity. Thus, it cannot be said that the trial court abused its discretion in using lump sum alimony of the marital home as a means to equitably distribute the parties' assets. See Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980) (lump sum alimony may be awarded as an instance of support, for a vested property interest, or as a means of ensuring equitable distribution of the property acquired during the marriage).
Turning to Mr. Lee's third issue, we agree that the trial court's order lacks the requisite findings for imputation of income. Section 61.30(2)(b), Florida Statutes (Supp.1996), permits a trial judge to impute income to an unemployed parent when such unemployment is found to be voluntary, absent circumstances over which that parent has no control. See also Edwards v. Sanders, 622 So.2d 587, 588 (Fla. 1st DCA 1993) (imputation of earnings has been deemed proper when the court finds that a spouse has failed to use his or her best efforts to earn income); Cushman v. Cushman, 585 So.2d 485, 486 (Fla. 2d DCA 1991) (a court may impute *744 income to a party based upon a showing that the party has the capability to earn more by use of his or her best efforts; this determination assumes the party has chosen to earn less and has the ability to remedy the situation). It is error for a court to impute income without making the necessary findings under section 61.30(2)(b). See, e.g., Nunez v. Nunez, 646 So.2d 290 (Fla. 1st DCA 1994) (findings failed to meet requirements of section 61.30(2)(b) so as to justify imputation of income); Vitek v. Vitek, 661 So.2d 965 (Fla. 5th DCA 1995) (reversing order in which court imputed income to wife without making necessary findings).
In the instant case, the trial court's order merely found that Mr. Lee had been employed by Blue Cross & Blue Shield for the past 13 years and that his income had increased each year to the level of $66,196, until he was terminated in July 1998 due to his arrest for sexual battery. The court noted that Mr. Lee was currently seeking employment and therefore imputed to him his most recent level of earnings.
The order lacks the necessary finding that Mr. Lee's unemployed status was voluntary or that he was not using his best efforts to obtain employment. In so saying, we note that it was undisputed Mr. Lee lost his job based on his June 1998 arrest, and that since his release from jail when the charges were dropped in August 1998, he had been unable to secure employment.
Because the order contains insufficient findings under section 61.30(2)(b) to support the imputation of income, we reverse the final judgment and remand the case for evidentiary hearing regarding Mr. Lee's earnings and earning capability. Because the alimony and child support awarded are based upon the imputation of income, the trial court should reconsider those awards based upon the evidence submitted on remand concerning Mr. Lee's earnings. Moreover, while we found no error in the award of the marital home to Mrs. Lee as lump sum alimony to ensure equitable distribution of the parties' assets, because the trial court's rulings on remand regarding Mr. Lee's earnings and the amount of child support and permanent, periodic alimony may affect Mrs. Lee's ability to pay the costs necessary to maintain the marital home, the trial court may also reconsider the entire equitable distribution scheme.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
ERVIN, JOANOS, JJ., and SMITH, LARRY G., Senior Judge, CONCUR.