829 So.2d 307 (2002)
Neil M. PEIMAN, Appellant,
v.
Mary G. PEIMAN, Appellee.
No. 5D01-3057.
District Court of Appeal of Florida, Fifth District.
October 25, 2002.
*308 Alex Finch, Winter Park, for Appellant.
Hal Roen of Hal Roen, P.A., Winter Park, for Appellee.
SAWAYA, J.
Neil M. Peiman ("the Former Husband") appeals the Amended Final Judgment of Dissolution of Marriage. He argues the trial court erred in denying his motion to continue where the motion was brought in good faith in order to allow him to retain legal representation and where the granting of the motion would not have created an undue prejudice against Mary Peiman ("the Former Wife"). Additionally, the Former Husband claims the trial court erred by entering an order for child support that deviated from the guidelines without making the specific findings required to support such a deviation. We agree and therefore reverse.
During their marriage, the Former Husband and the Former Wife had two children, both of whom are presently minors. The parties entered into a mediated settlement agreement, which initially resolved the issues concerning their marriage, and the court approved the agreement and dissolved the marriage. After litigating some disagreements about the initial settlement agreement, the parties entered into yet another agreement. Except for the issue of child support, the subsequent agreement resolved all remaining issues between the parties and included a stipulation that the Former Wife would be the custodial parent.
*309 During the May 9, 2001, proceedings to determine the amount of child support the Former Husband would be required to pay, the parties submitted financial documents concerning their ability to earn income. As a result, the court imputed an annual income to the Former Husband of $65,000. Because each side made conflicting arguments as to the appropriate amount for the children's healthcare and daycare costs and each side submitted differing support guideline worksheets, the court entered a temporary child support award in favor of the Former Wife in the amount of $763.00 per month pending determination of a permanent amount to be set at a future hearing. This award did not include the children's healthcare or daycare costs.
One month before the scheduled final hearing, the trial court granted the Former Husband's attorney's motion to withdraw as counsel. Unsuccessful in his attempts to find replacement counsel, the Former Husband filed a motion for continuance of the final hearing on the eve thereof. His motion recited that during the intervening month, he had attempted to retain three attorneys, one of whom declined representation just three days before the scheduled hearing and another who indicated he would represent the Former Husband, but needed sixty days to prepare. The court denied the motion the next day and entered its Amended Final Judgment, which increased the Former Husband's child support obligation from $763.00 to $1,358.67 per month and created an arrearage of $2,382.68. Included in this amount was an allotment for daycare expenses and the children's healthcare. Additionally, the court used a figure of $77,000 as the Former Husband's income instead of the imputed income of $65,000.
This court will not disturb the trial court's denial of the request for continuance unless the Former Husband establishes that the denial constituted an abuse of discretion. See Fennie v. State, 648 So.2d 95 (Fla.1994), cert. denied, 513 U.S. 1159, 115 S.Ct. 1120, 130 L.Ed.2d 1083 (1995); Bryan v. Bryan, 824 So.2d 920 (Fla. 3d DCA 2002) (citing In re Gregory, 313 So.2d 735, 736 (Fla.1975)); Fleming v. Fleming, 710 So.2d 601 (Fla. 4th DCA 1998); Jean v. County Sanitation Inc., 596 So.2d 1245 (Fla. 4th DCA 1992); Ziegler v. Klein, 590 So.2d 1066 (Fla. 4th DCA 1991). In determining whether the trial court abused its discretion, factors this court should consider include: (1) whether the denial of the continuance created an injustice for the Former Husband; (2) whether the cause of the request for continuance was unforeseeable by the Former Husband and not a result of dilatory practices; and (3) whether the Former Wife would have suffered any prejudice or inconvenience as a result of the continuance. Fleming; see also Bryan (citing Fleming); Jean.
During the period between the withdrawal of the Former Husband's attorney and the hearing the Former Husband sought to have continued, the Former Husband attempted to retain three attorneys. One of these attorneys notified the Former Husband that he would not accept the case only three days prior to the scheduled hearing and another attorney indicated that he would accept representation, but would not be available for sixty days. The facts clearly evidenced the Former Husband's desire to be represented by counsel. The Former Husband had not previously represented himself and there was no indication from the record that he could do so competently. Therefore, the denial of the motion for a continuance created an injustice for the Former Husband. Lee v. Lee, 751 So.2d 741 (Fla. 1st DCA *310 2000).[1]
The second factor requires us to determine whether the Former Husband could foresee the cause of the request to continue and whether the request was made for delay. As the Former Wife argues, it would be foreseeable that if one who was unrepresented wished to be represented at a hearing a month away, he must retain an attorney. However, the Former Husband has demonstrated that he attempted on three occasions to hire an attorney; it is not as though the Former Husband was not attempting to retain counsel. Furthermore, the fact that one of the attorneys agreed to represent the Former Husband, but could not do so unless the case was continued, tends to demonstrate that the Former Husband was not requesting the continuance merely for delay. See Carpenter v. Carpenter, 451 So.2d 914 (Fla. 1st DCA 1984) (holding that special circumstances may require a continuance where there has not been sufficient time to prepare for trial and there is no substantial prejudice to opposing party); see also Kamhi v. Waterview Towers Condo. Ass'n, Inc., 793 So.2d 1033 (Fla. 4th DCA 2001) (reversing the trial court's denial of motion to continue where request for a three-month continuance in order to obtain new counsel was not an attempt to unduly delay or prejudice appellee's case).
With regard to the third factor, the Former Wife would not have suffered prejudice or inconvenience as a result of the continuance. The court could have established an arrearage, as it did when it set the permanent child support. Therefore, as the three factors have been met, we hold the court abused its discretion in denying the Former Husband's motion for continuance.
We also agree with the Former Husband's contention that the trial court erred by entering an order for child support that deviated from the guidelines without making the specific findings required to support such a deviation. The trier of fact may order payment of child support in an amount which varies more than five percent from the guideline amount only upon a written finding, or a specific finding on the record, explaining why ordering payment of the guideline amount would be unjust or inappropriate. Town v. Town, 801 So.2d 324 (Fla. 1st DCA 2001); Johnson v. Johnson, 761 So.2d 345 (Fla. 5th DCA 1999); Gomez v. Gomez, 727 So.2d 1092 (Fla. 1st DCA 1999); Fisher v. Fisher, 722 So.2d 243 (Fla. 2d DCA 1998).
In this case, the court imputed a $65,000 annual income to the Former Husband. The court even went so far as to state, "I'm not going to require [the Former Husband] to make child support payments out of [the monies from the sale of his business], as long as he makes the payment based on the $65,000 per year." Because the court explicitly stated that the Former Husband would be required to pay child support based on the $65,000 imputed income and made no further findings to explain the deviation, the proper income used by the trial court in determining the *311 Former Husband's liability for child support should have been $65,000. Therefore, the court erred by using $77,000 as the Former Husband's income when actually determining the child support payments under the guidelines.
Accordingly, we reverse and remand for proceedings to determine the appropriate cost of daycare and healthcare for the children as these were the only issues still unresolved prior to the hearing which the Former Husband requested be continued. Additionally, the trial court shall use $65,000 as the Former Husband's income when determining the proper amount of child support to be paid under the guidelines.
AFFIRMED in part; REVERSED in part and REMANDED with instructions.
THOMPSON, C.J., and SHARP, W., J., concur.
NOTES
[1] As both sides cite Lee and indicate that it is similar to the instant case, a thorough explanation and comparison of Lee will be helpful. The First District Court affirmed the trial court's denial of Lee's motion for continuance where: 1) Lee did not state that he intended to retain counsel; 2) he had ably represented himself throughout the litigation by filing numerous motions, scheduling hearings, and obtaining rulings on his motions; and 3) he had thoroughly questioned witnesses during direct and cross-examination at the final hearing and he even qualified an expert to testify. The court noted that these factors indicated that Lee was able to represent himself in a competent manner and therefore did not suffer an injustice as a result of the court's denial of his motion for continuance.