GRIFFIN, J.
Scott A. Cummins [“husband”] appeals a final judgment of dissolution of his marriage to Lisa Cummins. The sole issue on appeal is whether the trial court abused its discretion by the denial of his motion for continuance. We affirm.
On July 16, 2003, Lisa Cummins [“wife”] filed a petition for dissolution against husband, who was residing in Virginia. The petition alleged that the parties had been married in May 1982 and separated in April 1996. Wife sought custody of the parties’ daughter, child support, equitable distribution of the marital assets, and a special equity in or exclusive possession of the marital residence. Husband counter-petitioned for dissolution, alleging that the parties separated in October 1993. He sought primary residential responsibility for the parties’ child; child support; an *638 equitable distribution of marital property; and a declaration that certain property acquired after 1993 was non-marital.
Husband was originally represented by counsel, but his counsel was allowed to withdraw on November 14, 2003. On November 19, 2003, the court set the case for trial during a two-week period beginning February 2, 2004, and scheduled a docket sounding for January 28.
After being informed that the case had been set for trial, husband took a new job with a civilian company that intended to post him overseas to Baghdad, Iraq, in support of the war. Husband claims that he changed jobs in order to earn extra income and meet his responsibilities. On December 4, 2003, husband informed the court of his upcoming “deployment” and asked that the trial be delayed “until I am able to retain a lawyer from my deployed location and possibly upon my return from Iraq.”
On January 16, 2004, husband wrote a letter to the court stating that he could not attend the trial and was unable to afford counsel to represent him. The letter, which was received by the court on February 2, 2004, stated:
Also, I was informed I received a summons to the court on the 28th of January, 2004, obviously I will not be there and I have no representation due to the fact that I cannot afford it, which is why I took a job in a combat zone.
The letter further stated that certain child support payments had been made directly to wife. Then, on January 21, 2004, husband apparently faxed a motion for continuance to the court, stating:
I am currently deployed as Part of the Coalition Provisional Authority in Baghdad, Iraq on a one year* contract. This precludes me from any type of attendance except possibly by phone. I request your utmost understanding in this case. I am unable to obtain legal counsel due to lack of financial resources.
On January 28, 2004, wife filed an objection to husband’s request for a continuance, stating that the motion should be denied because: (1) the case had been set for trial prior to husband’s acceptance of employment in Iraq; (2) husband had informed wife by e-mail on January 17, 2004, that she and her daughter would never see or hear from him again; (3) husband was in arrears under an order entered November 3, 2004, which directed him to pay temporary child support in the amount of $891.96 per month.
On January 28, 2004, the trial court informed husband by letter that the trial was definitely set for February 12, 2004. The case was tried as scheduled on February 12, 2004. Husband did not appear at trial and was not represented by counsel. Based on the evidence presented at trial, the court awarded wife $1,000 per month in permanent alimony for what was termed a twenty-two year marriage, child support in the amount of $891.96 per month, child support arrearages payable at the rate of $362.65 per month, the exclusive use and possession of the marital residence until the parties’ daughter turned eighteen, and one-half of the husband’s military retirement pension.
Following entry of the final judgment, husband obtained counsel and appealed, contending that the trial court abused its discretion in denying him a continuance because the denial created an “injustice for the movant” and “the opposing party would suffer no injury or great inconvenience as a result of a continuance.” See Silverman v. Millner, 514 So.2d 77 (Fla. 3d DCA 1987); Peiman v. Peiman, 829 So.2d 307 (Fla. 5th DCA 2002).
It should initially be noted that no motion for continuance was ever presented to *639 the trial court for ruling, since husband never set the motion for hearing. Even if the motion had been called up for hearing, based upon the record, the denial of the motion was well within the trial court’s discretion.
AFFIRMED.
THOMPSON and PALMER, JJ., concur.