985 So.2d 682 (2008)
Charles RODRIGUEZ, Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, CONSTRUCTION INDUSTRY LICENSING BOARD, Appellee.
No. 4D07-4310.
District Court of Appeal of Florida, Fourth District.
July 2, 2008.
Charles Rodriguez, Wellington, Pro Se.
Jennifer A. Tschetter, Tallahassee, for appellee.
PER CURIAM.
Charles Rodriguez, the appellant, made a claim for restitution from the Florida *683 Homeowners' Construction Recovery Fund after his contractor violated a contract to create plans and construct improvements on the appellant's property. The Construction Industry Licensing Board (CILB) entered a final order against the appellant, concluding that appellant was not entitled to recovery because he had proven no actual damages. It dismissed his claim with prejudice. We reverse, concluding that the CILB proceeded under Section 120.57(2), Fla. Stat., which required undisputed evidence to proceed, and it did not have undisputed evidence to support its ruling.
On November 1, 2004, Charles Rodriguez, the appellant, and his wife, Dahlia Rodriguez, entered into a construction contract with Rainbow Springs Construction Corp. d/b/a Podia Construx for $275,000 to construct a home. Richard Lynn Walker, a validly licensed contractor, was the qualifying agent for Rainbow Springs. Rodriguez paid a $5,000 deposit and later paid the first draw of $19,750, after structural plan approval. Sometime after that date, Podia Construx and Walker stopped doing business and failed to perform any further on the contract.
The appellant filed an administrative complaint against Walker with the Department of Business and Professional Regulation. Walker violated the contract, thereby violating section 489.129(1)(G), (J), or (K), Florida Statutes. The Construction Industry Licensing Board revoked Walker's license and fined him. The Board also ordered Walker to pay $24,750 in restitution to Rodriguez.[1]
Rodriguez also filed a claim against the Florida Homeowners' Construction Recovery Fund (FHCRF) making a claim for the $24,750 which he had paid Podia. The claim form asked "What percentage of the project was completed by the original contractor?" Rodriguez indicated that nothing was completed. He also attached an explanation of his experience with Podia. Nowhere in his claim did he state that he received anything of value, particularly a set of plans, for the deposits.
The Board sent a notice to Rodriguez stating that he claim would be presented to the FHCRF Committee on September 13, 2007, and the Board would meet on September 14, 2007. The letter did not indicate that testimony would be taken, nor did it state a proposed resolution based upon undisputed facts. Included in the record on appeal is a memorandum from the attorney for the FHCRF recommending approval of the Rodriguez claim and indicating that no work was performed for the money paid. The attorney concluded that the claimant satisfied all requirements for payment from the fund.
Rodriguez did not appear at the committee hearing. Despite the attorney's recommendation, the Board determined that Rodriguez was not entitled to any compensation from the Fund. The Board entered its "final order" in which it stated that it acted "pursuant to section 120.57(2)" and provisions of the administrative code. The Board found that Rodriguez had paid Podia $24,750 for the project, and no work was performed. However, based upon the draw schedule the structural plans had a value of $24,750. Therefore, the Board determined that Rodriguez had received an equivalent value for his payment, and the Board denied any recovery from the fund. The order was considered final, and Rodriguez appeals, claiming that the Board erred in determining that the evidence showed he had no actual damages. We agree and reverse.
*684 The Board proceeded pursuant to Fla. Stat. 120.57(2) of the Administrative Procedure Act. That statute applies to agency hearings "not involving disputed issues of material fact." It requires:
(a) The agency shall:
1. Give reasonable notice to affected persons of the action of the agency, whether proposed or already taken, or of its decision to refuse action, together with a summary of the factual, legal, and policy grounds therefor.
2. Give parties or their counsel the option, at a convenient time and place, to present to the agency or hearing officer written or oral evidence in opposition to the action of the agency or to its refusal to act, or a written statement challenging the grounds upon which the agency has chosen to justify its action or inaction.
3. If the objections of the parties are overruled, provide a written explanation within 7 days.
The Board did not follow the requirements of the act in making its determination. Although it gave notice to Rodriguez of the hearing, it did not provide notice of its proposed action. If the order denying the claim constituted its proposed action, it did not provide Rodriguez with an opportunity to present evidence in opposition to the Board's determination. Rodriguez was not informed that the hearing was to be an evidentiary one, and because the Fla. Stat. 120.57(2) does not contemplate a hearing in which disputed issues of fact requiring evidentiary presentations.
Without any evidence, the Board's decision cannot stand. The Board determined that Rodriguez received value, because the construction draw schedule placed a value of $24,750 on the structural plans. Nothing in the contract constitutes an agreement that the plans have a value of $24,750.[2] All it shows is that the parties agreed that Rodriguez would pay that amount of money when the plans were complete. Whether or not they have that value is an issue of fact, on which the Board took no testimony. Without testimony to that effect, the contract itself cannot support the Board's conclusion. In fact, the contract does not even state whether the contractor or the owner supplied the construction plans, as Paragraph 17 of the contract dealing with plans and specifications is not filled out. Moreover, nothing in the record show whether Rodriguez received the plans. The issues were not undisputed, nor was there competent substantial evidence to support the Board's decision.
We reverse for a new hearing consistent with the requirements of Section 120.57(2).
Reversed.
WARNER, POLEN, TAYLOR, JJ., concur.
NOTES
[1] The Board later explained in a different order that an asset search had shown that Walker had no assets from which the appellant could satisfy the restitution.
[2] Even assuming that a payment draw provides proof of the value of the completed stage, the plans would be worth only $19,750, the amount of the draw.