DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KENS CARTER JEANCHARLES,**
Appellant,

v.

**DEPARTMENT OF REVENUE** and **AUDRIANA JEAN,**
Appellees.

No. 4D18-1809

[May 15, 2019]

Appeal from the State of Florida, Division of Administrative Hearings; L.T. Case Nos. CSE #2001156197 and DEP #42180000287DR.

Thomas L. Hunker of Cole, Scott & Kissane, P.A., via Mission United Veterans Pro Bono Project, Plantation, for appellant.

Ashley B. Moody, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General, Child Support Enforcement, Tallahassee, for appellee, Department of Revenue.

GROSS, J.

A father appeals a final administrative support order issued by the Department of Revenue establishing his child support obligation. We reverse because it was an abuse of discretion to deny the father's first and only motion for a thirty-day continuance to obtain a lawyer.

The child here at issue was born on February 18, 2017. The mother applied to the Department of Revenue ("the Department") for assistance in receiving child support from the father.

In November 2017, the father, who lives in Jacksonville, was served with a notice of proceeding to establish administrative support order. He promptly completed and returned his financial affidavit and parent information form on November 17.

On March 5, 2018, the Department sent the father a proposed administrative support order setting his child support obligation. His net income, as stated in the proposed order, exceeded the gross income

reported on his W-2.  The proposed order suggested his monthly support obligation would be $1,272, and that he owed $16,612 in retroactive support after receiving credit for payments of $1,200.

On March 16, 2018, the father, *pro se*, submitted a request for an administrative hearing, stating that he disagreed with many findings in the proposed order.  The father objected to the amount stated for his monthly income, his number of dependents, and the mother's reported childcare costs, income and assets, as well as the calculation of his retroactive support obligation.

On March 22, 2018, the Division of Administrative Hearings' Administrative Law Judge ("ALJ") signed a notice of hearing setting the support hearing in Broward County on May 1, 2018.  The notice of hearing contains a paragraph telling the recipients how to request that the hearing be rescheduled.  The notice provides:

> 1. The Hearing.
>
> * * *
>
> b.  Requests to reschedule:  If you need to request that the hearing be rescheduled, you must file your request in writing with the Division of Administrative Hearings as soon as possible and no later than five days before the hearing date. . . .  Your request to reschedule the hearing must give a good reason why you need the hearing rescheduled, and if there is documentation (such as a notice of previously scheduled court hearing), you should file that documentation with your request.  You must send a copy of your request to the Department of Revenue lawyer by mail, fax, or delivery on the same day your request is filed.  Your hearing remains scheduled unless and until the Administrative Law Judge issues an order granting your request.  If no order is issued before your hearing, or if an order is issued denying your request, you will be expected to attend the hearing as scheduled.

The notice advises that the parties should be prepared for the hearing with witnesses and evidence, and that the hearing is a "formal proceeding before an Administrative Law Judge who is there to hear sworn testimony and consider documentary evidence."  The notice advises that the parties have the right to testify under oath, present evidence, and cross-examine opposing witnesses, but that they do not have the right to submit

- 2 -

additional evidence after the hearing, "so make sure you come prepared with the evidence you want the Administrative Law Judge to consider." The notice also advises that the parties have "the right to be represented by counsel."

The notice further states that in cases to establish child support, the parties are required to bring evidence of their earnings and relevant expenses for the past three years, however, "relevant expenses do not include common living expenses like rent, mortgage payments, utilities, and car expenses." In addition, the parties are instructed to bring "receipts for all items and money that the non-custodial parent and his or her family have given the custodial parent . . . for the support of the child during the last three years."

To a layperson this notice can be an intimidating warning of impending legal storms.

On April 17, a staff attorney with Jacksonville Area Legal Aid, Inc. wrote to Legal Services of Broward County, attempting to secure an attorney for the father. The letter explains that the father lives in Jacksonville and applied for legal services to assist him in setting a child support obligation to the mother, who resides in Broward. The attorney asked Broward Legal Aid to assist the father either through their attorneys or by providing a *pro bono* attorney.

On April 18, thirteen days before the scheduled hearing, the father filed a request for a thirty-day extension so he could obtain counsel. His letter reads:

> To whom it may concern,
>
> I would like to respectfully request a 30 day extension to the following case number:  18-1568CS due to I am currently seeking legal counsel. I have attached a copy of my last legal counsel referral request which is currently pending a response. If I am granted an extension, it would allow me enough time to obtain an attorney. . . .

The ALJ summarily denied the father's motion for continuance.

Both parents appeared *pro se* at the hearing. The attorney for the Department asked questions of each parent and the ALJ also questioned the parties.

- 3 -

This does not appear to be a case of a father who ignored his obligations to his child. The father testified that he is in the Navy and for a time the mother and child lived with him and later, with his mother and sister. There was conflicting testimony about how much money the father gave the mother for child support. The father relied upon a statement from the Navy Federal Credit Union to support his claim that he gave the mother a total of $12,142. The mother's testimony was confusing; she mentioned rent payments made on behalf of the father's mother and sister, and money she loaned the father. The father said that any rent payments he gave the mother came out of an account at Bank of America, but he did not bring those bank records with him. The parents were not carefully questioned about the payments reflected on the credit union statement.

At the close of the hearing, the ALJ announced that the father's child support obligation would be $627 per month going forward, and that he would provide the amount of retroactive support to be paid in his written order. That order followed, finding $7,155 due in retroactive support.

### *Discussion*

When an ALJ denies a litigant's request for a continuance, this court's standard of review is abuse of discretion. *Iglesias v. Dep't of Bus. & Prof'l Regulation*, 739 So. 2d 707, 708 (Fla. 3d DCA 1999).

> While the rule of judicial discretion in granting or denying motions for continuance maintains its vitality, strict adherence to that rule may sometimes bring about unfair and unjust results. Hence, as a component of that rule, appellate courts may in circumstances where that discretion has been abused, correct the injustice by reversal of the trial court's decision.

*Myers v. Siegel*, 920 So. 2d 1241, 1244-45 (Fla. 5th DCA 2006).

Under the rules of procedure applicable to administrative proceedings, a motion for an extension of time shall be "filed prior to the expiration of the deadline sought to be extended and shall state good cause for the request." Fla. Admin. Code R. 28-106.204(4). "The presiding officer may grant a continuance of a hearing for good cause shown." Fla. Admin. Code R. 28-106.210.

> Factors to be considered in determining whether the trial court abused its discretion in denying the motion for continuance include whether the denial of the continuance

creates an injustice for the movant; whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance.

*Fleming v. Fleming*, 710 So. 2d 601, 603 (Fla. 4th DCA 1998). Although *Fleming* was a divorce case, appellate courts apply the *Fleming* factors when determining whether it was an abuse of discretion for an ALJ to deny a timely request for a continuance in a proceeding to determine a parent's child support obligation. *See Harris v. Dep't of Revenue ex rel. Insixiengmay*, 191 So. 3d 921, 924 (Fla. 2d DCA 2016).

The request for a continuance in this case was made so the father could attempt to secure affordable counsel. The father had a right to be represented by counsel, at his own expense, at the support hearing. § 120.62(2), Fla. Stat. (2018). Judicial protection of the right to counsel "ensures continued public confidence in our system of justice." *Myers*, 920 So. 2d at 1243. In cases involving child support, attorneys assist in arriving at a just result by organizing relevant evidence and ensuring that the evidence is brought to the hearing for a judge or ALJ to consider.

*Timely* attempting to obtain affordable legal assistance can be "good cause" within the meaning of Rule 28-106.201. Yet, denial of a motion for a continuance is not an abuse of discretion simply because a party is compelled to appear in a legal proceeding without representation. *See Hogan v. Aloia*, 257 So. 3d 479, 482 (Fla. 4th DCA 2018) (applying *Fleming* factors and finding trial court did not abuse its discretion when it denied the wife's motion for a continuance after she failed to pay her attorney for several months and he withdrew); *Lee v. Lee*, 751 So. 2d 741, 743 (Fla. 1st DCA 2000) (applying *Fleming* factors and finding trial court did not abuse its discretion when it denied the husband's motion for a continuance where he ably represented himself after discharging attorneys because he could not afford them). In those cases, appellate courts are still required to apply the *Fleming* factors to protect the integrity of the proceeding.

Special circumstances sometimes exist, however, in which the denial of a motion for continuance creates an injustice for the movant. In these circumstances, this court's obligation to rectify the injustice outweighs its policy of not disturbing a trial court's ruling on a continuance, . . . in particular, in cases where the opposing party would suffer no injury or great inconvenience as a result of a continuance.

*Silverman v. Millner*, 514 So. 2d 77, 78 (Fla. 3d DCA 1987) (internal citations omitted).

Applying the *Fleming* factors to this case, we conclude that the ALJ abused his discretion in denying the father's motion for a continuance.

### 1. THE DENIAL OF THE CONTINUANCE CREATED AN INJUSTICE FOR THE FATHER.

The first factor considered under the *Fleming* analysis is "whether the denial of the continuance creates an injustice for the movant." 710 So. 2d at 603. An injustice can be found when an unfavorable outcome appears to be due to the litigant's limited litigation skill and where the litigant was unrepresented through no fault of his own. *See id.* at 604.

For example, in *Neal v. Swaby*, 975 So. 2d 431 (Fla. 2d DCA 2007), at a paternity, visitation, and child support hearing, the mother appeared with counsel and the father requested a continuance to secure counsel (which was denied). *Id.* at 432. In reversing, the second district ruled that while the father "was articulate," he "was placed at a distinct disadvantage due to his lack of knowledge concerning the nuances of courtroom procedure." *Id.* at 433. The court held the father "clearly suffered injustice" from the denial of his motion to continue where the final order was partially unsupported by the evidence and the father "was denied visitation with his children as a result of a hearing at which he was required to proceed without legal representation." *Id.* at 433-434; *see also Baron v. Baron*, 941 So. 2d 1233, 1236 (Fla. 2d DCA 2006).

Here, the denial of the father's request for a continuance created an injustice. The mother appeared *pro se,* but the Department did not. The Department's attorney had a statutory obligation to establish the father's support obligation such that the child would be "maintained from the resources of [her] parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through public assistance programs." § 409.2551, Fla. Stat. (2018).

While the father is literate and there was no language barrier, he had limited ability to prepare and present his case and protect his rights during the hearing. An attorney would have assisted the father in clearing evidentiary hurdles and organizing his presentation. An attorney would have instructed the father to gather and bring *all* of his records so he could prove which payments he made to the mother were for child support and which payments were for something else. Without an attorney, the father did not anticipate that the mother would claim the transfers reflected on his credit union statement were for anything other than child support

(such as rent or a loan repayment). The father also did not anticipate that counsel for the Department would advocate that he should receive only credit for $1,800–the amount the mother agreed was for child support. Rulings in cases like this can have financial impact for years.

The father's credit union statement shows that during the retroactive period, he gave the mother more than $11,000. The final order found that the father owed the mother $3,355. If the father had been able to prove that all or even most of his payments to the mother during the retroactive period were for child support, his retroactive support obligation would have been less. Because the father was a layman and unprepared to present his case, the court may have required him to pay more in retroactive support than he owed.

On this record, the denial of the father's request for an extension created an injustice.

### 2. THE REQUEST FOR CONTINUANCE WAS UNFORESEEABLE AND NOT THE RESULT OF DILATORY PRACTICES.

The second factor considered under the *Fleming* analysis is "whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices." 710 So. 2d at 603. The Department argues that the father knew he would need an attorney on March 16, 2018 when he requested the hearing, but he was dilatory because he waited until two weeks before the trial to seek counsel.

A party is not dilatory when he tries *but is unable to* secure counsel within thirty days. *See Peiman v Peiman*, 829 So. 2d 307 (Fla. 5th DCA 2002). *Peiman* is similar to the case at bar. There, a husband's attorney withdrew one month before the dissolution trial, yet the husband did not move for a continuance until the eve of trial. *Id.* at 309. His motion explained that he had attempted to retain three attorneys, one of whom declined representation just three days before the hearing and another who agreed to represent him but needed sixty days to prepare. *Id.* The husband's motion for a sixty-day continuance was denied. *Id.*

Analyzing the second *Fleming* factor, the court in *Peiman* agreed that thirty days before trial, the husband knew that he needed an attorney; however, the court found that he was not dilatory when he attempted on three occasions to hire an attorney. *Id.* at 310. The court further found that "the fact that one of the attorneys agreed to represent the Former Husband, but could not do so unless the case was continued, tends to

- 7 -

demonstrate that the Former Husband was not requesting the continuance merely for delay." *Id.*

In the instant case, the father was not on notice that he might need an attorney until he received the notice of hearing on March 22. The letter accompanying the proposed support order suggested that the next step would be somewhat informal, where he could tell his "story to an administrative law judge" who would decide the case.

Objectively, it was the March 22 notice of hearing that triggered the father's need to secure an attorney, if he wanted one. The notice advised him *for the first time* that the hearing was "formal" and that he had "the right to be represented by counsel."

The father's financial situation limited his ability to pay an attorney. Finding a lawyer who will work for free is sometimes as difficult as hitting a major league knuckleball. The father thought he could retain an attorney in Duval County until Jacksonville Legal Aid declined to represent him, referring him to Legal Aid in Broward County.

The father's efforts were not dilatory. Within three weeks of receiving the notice of hearing, he delivered his records to Jacksonville Legal Aid, which actively sought counsel for him in Broward County. He did not delay in filing his motion—it was filed only three weeks after the notice of hearing was signed and almost two weeks before the scheduled hearing. The request for only thirty additional days was not unreasonable under these circumstances.

### 3. THERE IS NO EVIDENCE THE MOTHER WOULD SUFFER PREJUDICE OR INCONVENIENCE AS A RESULT OF THE CONTINUANCE.

The third and final *Fleming* factor is "whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance." 710 So. 2d at 603. The Department seems to concede this factor and does not argue on appeal that the mother would have suffered prejudice or inconvenience if the court granted the thirty-day continuance. *See, e.g.*, *Neal*, 975 So. 2d at 434 (recognizing that it may be inconvenient and sometimes costly to appear for a hearing that is continued, yet finding the third *Fleming* factor established where the record did not suggest prejudice or injustice would have befallen the opposing party).

For these reasons, we reverse the final order and remand for a new hearing.

WARNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***