DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LADI ANITA MARCH,**
Appellant,

v.

**DEPARTMENT OF BUSINESS & PROFESSIONAL REGULATION,
CONSTRUCTION INDUSTRY LICENSING BOARD,**
Appellee.

No. 4D20-1492

[February 9, 2022]

Appeal from the Department of Business & Professional Regulation, Construction Industry Licensing Board; Aaron L. Boyette, Chairman; L.T. Case No. 2017-048660.

F. Malcolm Cunningham, Jr., and Amy L. Fischer of The Cunningham Law Firm, P.A., West Palm Beach, for appellant.

Joseph Yauger Whealdon, III, Chief Legal Counsel, Department of Business & Professional Regulation, Tallahassee, for appellee.

ARTAU, J.

Ladi Anita March (Licensee) appeals an adverse decision against her license by the Construction Industry Licensing Board (Board). The Licensee asserts that the Board failed to provide her with an opportunity to present evidence and abused its discretion in refusing to grant a continuance of the final hearing. We agree.

**BACKGROUND**

Dr. Larry Gandel (Claimant) brought a separate civil lawsuit against a construction company alleging that the company failed to complete a remodel and expansion of his home. After obtaining a judgment against the construction company, the Claimant sought reimbursement from the Florida Homeowner's Construction Recovery Fund (Recovery Fund), which is administered by the Board. The Board alleged that the Licensee, as the responsible license holder for the construction company, abandoned the remodel and expansion project. Thus, the Board sought to suspend her

license and require her to reimburse the Recovery Fund as a condition precedent to reinstatement of her license.

The Recovery Fund was established by the Florida Legislature to compensate aggrieved homeowners who incur actual damages after contracting for construction or improvement of their residence if the damages were caused by "financial mismanagement or misconduct, abandoning a construction project, or making a false statement with respect to a project." *See* § 489.1401(2), Fla. Stat. (2016).

Section 489.142(3), Florida Statutes (2016), requires that the Board conduct a hearing "in accordance with ss. 120.569 and 120.57(2)." Section 120.569 outlines the procedures for conducting the hearing, including the requirement of "reasonable notice of not less than 14 days[.]" *See* § 120.569(2)(b), Fla. Stat. (2016). Section 120.57(2) requires "*reasonable notice* to affected persons" and "[g]ive[s] parties or their counsel the option, *at a convenient time and place, to present* to the agency or hearing officer *written or oral evidence* in opposition to the action of the agency[.]" *See* § 120.57(2)(a)1.–2., Fla. Stat. (2016) (emphasis added).

At a prior hearing scheduled without proper notice to the Licensee, the Board suspended her license while ordering her to reimburse the Board for the amounts they had paid the Claimant from the Recovery Fund. However, because adequate notice was not provided to the Licensee, that ruling was vacated. Ultimately, the Board rescheduled its final hearing upon relatively short notice for a day which could not be attended by Licensee's counsel because the governor had convened the Fifteenth Circuit Judicial Nominating Commission (JNC) requiring counsel's presence as one of nine appointed JNC commissioners on that same day to nominate qualified persons to serve as judges.

**ANALYSIS**

A JNC "is a constitutionally established body, mandated by the constitution to submit the nominations . . . to the governor within thirty days following a judicial vacancy." *Judicial Nominating Comm'n, Ninth Circuit v. Graham*, 424 So. 2d 10, 11 (Fla. 1982). The thirty–day deadline for the JNC to complete its work can only be "extended by the governor for a time not to exceed thirty days." Art. V, § 11(c), Fla. Const. "Vacancies in office are to be avoided whenever possible. We are confident that the framers of article V intended that the nominating and appointment process would be conducted in such a way as to avoid or at least minimize the time that vacancies exist." *In re Advisory Op. to the Governor,* 600 So. 2d 460, 462 (Fla. 1992).

2

As soon as Licensee's counsel received notice of the final hearing date, he immediately reached out to the Board to request a continuance due to his previously scheduled JNC meeting. The Board failed to rule on the continuance request in advance of the hearing. Instead, it proceeded with the hearing as scheduled without the participation of the Licensee and her counsel, summarily denied the continuance request, and entered the same adverse action against the Licensee that it had entered at the prior hearing without adequate notice.

When a board or administrative law judge (ALJ) denies a request for continuance, our standard of review is abuse of discretion. *See Jeancharles v. Dep't of Revenue*, 273 So. 3d 1006, 1009 (Fla. 4th DCA 2019).

In evaluating whether the Board abused its discretion, we must also consider whether the Board failed to follow its own statutorily mandated procedures in scheduling the hearing. The operative statute specifies that counsel should be given the option to present to the agency "at a convenient time and place." § 120.57(2)(a)2., Fla. Stat. (2016). We conclude that the Board failed to adhere to this statute by scheduling the final hearing on the same day that Licensee's counsel had to attend the previously scheduled JNC meeting.

The Board argues that a lawyer's first duty is to his client and that *Fleming v. Fleming*, 710 So. 2d 601 (Fla. 4th DCA 1998), sets forth factors we should consider in determining whether discretion has been abused. Those factors include "whether the denial of the continuance creates an injustice for the movant; whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance." *Id.* at 603.

In applying the *Fleming* factors, we conclude that the denial of the continuance created a severe injustice for the Licensee, leaving her without her chosen counsel who had been prepared to represent her at the final hearing. The cause of the request was unforeseeable because the JNC has a constitutional duty to promptly convene at the request of the governor to nominate qualified persons for unforeseen judicial vacancies, and the thirty–day deadline for the JNC to complete its work could only have been extended for an additional thirty days at the discretion of the governor. We also conclude that Licensee's counsel was not dilatory as he immediately advised the Board of the scheduling conflict when he received the notice. Moreover, a brief continuance cannot be said to prejudice the Board or the Claimant who had been paid from the Recovery Fund, and

the Board could have easily rescheduled the final hearing for another convenient date and time. *See Jeancharles*, 273 So. 3d at 1010 ("An injustice can be found . . . where the litigant was unrepresented through no fault of his [or her] own."); *Leaphart v. James*, 185 So. 3d 683, 686 (Fla. 2d DCA 2016) (due process violation found where the trial court denied a litigant's motion for continuance due to his counsel's inability to appear because of previously scheduled depositions in another case).

By not promptly ruling on counsel's request for a continuance and not rescheduling the hearing for a convenient time when he could be present, the Board placed him in an untenable position. Counsel could forego either his client's hearing or the constitutional duties he took an oath to uphold when he was appointed by the governor to serve as a JNC commissioner. If he did not attend the JNC meeting, applicants for the judiciary would not be subject to the full scrutiny of all nine appointed JNC commissioners. But if he did not attend the hearing, his client would be subjected to injustice. This Hobson's choice should not have been asked of counsel. Thus, we conclude that the failure to grant the continuance was an abuse of discretion.

The Licensee was also not afforded the opportunity to "present evidence in opposition" to the Board's action as we required in *Rodriguez v. Department of Business & Professional Regulation,* 985 So. 2d 682, 684 (Fla. 4th DCA 2008) ("Without any evidence, the Board's decision cannot stand."); *see also* § 120.57(2)(a)2., Fla. Stat. (2016) (parties or their counsel must be given "the option, *at a convenient time and place, to present* to the agency or hearing officer *written or oral evidence* in opposition to the action of the agency[.]" (emphasis added)).

A suspension or revocation of one's license is a substantial interest. The Licensee cannot procure further work until her licensing issue is resolved. Given the severity of this remedy, it is too thin a reed to revoke that interest and then order payment to reinstate it without an opportunity for an evidentiary hearing or evidence in the record to justify the action taken by the Board in the Licensee's absence.

**CONCLUSION**

Accordingly, we reverse and remand for further proceedings to be scheduled at a convenient date and time with the opportunity to present evidence.

*Reversed and remanded with instructions.*

4

WARNER and GERBER, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*