# Third District Court of Appeal

## State of Florida

Opinion filed May 28, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0325
Lower Tribunal No. 16-25414

_____

**Carolyn Michelle Mitchell,**
Appellant,

vs.

**Gabriel Fernando Faillace,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Harvey D. Rogers, P.A. and Harvey D. Rogers, for appellant.

Homer Bonner Jacobs Ortiz, P.A. and Andrew R. Herron, for appellee.

Before LOGUE, C.J., and SCALES, and MILLER, JJ.

MILLER, J.

Appellant, Carolyn Michelle Mitchell, challenges an adverse final judgment rendered in favor of appellee, Gabriel Fernando Faillace.[1] The gravamen of her operative complaint was that Faillace borrowed half a million dollars to fund a real estate project known as "Reve" in Saint Barthélemy pursuant to an oral agreement, and he subsequently defaulted on his repayment obligation. In his answer, Faillace denied the existence of the loan. After participating in discovery, the parties proceeded to a nonjury trial. At the conclusion, the lower tribunal entered a carefully reasoned, fact-intensive ruling and determined that Mitchell failed to establish any right to recovery. Acknowledging the trial court's superior vantage point in assessing the credibility of witnesses and imputing no error to the contested evidentiary ruling, we affirm the final judgment under review in all respects. See Taylor v. State, 937 So. 2d 590, 599 (Fla. 2006) ("This Court 'recognize[s] and honor[s] the trial court's superior vantage point in assessing the credibility of witnesses and in making findings of fact. The deference that appellate courts afford findings of fact based on competent, substantial evidence is an important principle of appellate review. In many instances, the trial court is in a superior position to evaluate and weigh the testimony and evidence based upon its observation of the bearing,

_____

[1] Mitchell also appeals the denial of her motion for rehearing.

demeanor, and credibility of the witnesses.'") (quoting <u>Stephens v. State</u>, 748 So. 2d 1028, 1034 (Fla. 1999)) (alterations in original) (internal quotation marks omitted); <u>Stinson v. Winn</u>, 938 So. 2d 554, 555 (Fla. 1st DCA 2006) ("If, as in this case, the issue is primarily one of the weight or credibility of the witnesses, it does not matter that there might be competent substantial evidence to support a contrary view of the evidence."); § 90.956, Fla. Stat. (2023) (authorizing use of summaries); <u>Johnson v. Johnson</u>, 761 So. 2d 345, 346 (Fla. 5th DCA 1999) ("Although the statute requires that the party intending to use a summary make it and the data used to compile it 'available for examination or copying, or both, by other parties at a reasonable time and place,' there is no specific requirement to deliver such material, without request, to the other parties so long as the Notice of Intent is properly given so that the opposing party knows that such documents can be examined and/or copied upon request.") (quoting § 90.956, Fla. Stat. (1998)).

Affirmed.